IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Michael L. Blumenthal,        ) | No: 07 CV 7230 |
|     Plaintiff        ) | |
| v.        ) | Judge Joan Gottschall |
|         ) | Mag: Michael T. Mason |
| Matthew H. Anselmo,        ) | |
| M & M Marketing, LLC        ) | |
| and Kathryn Hemenway        ) | |

**DEFENDANT KATHRYN HEMENWAY'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

NOW COMES Defendant Kathryn Hemenway ("Hemenway"), by and through her attorneys, Pittacora & Crotty, LLC, and moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In support thereof, Hemenway states as follows:

1. The Defendant Hemenway is an attorney residing in Omaha, Nebraska.

2. Hemenway is licensed to practice law in Nebraska.

3. Hemenway is not licensed to practice law in Illinois.

4. The defendants, Matthew H. Anselmo ("Anselmo") and M & M Marketing, LLC, hired Hemenway in November, 2007 to represent them in Omaha, Nebraska. *See* Affidavit of Kathryn Hemenway attached hereto as Exhibit A.

5. At this time, her clients have not waived attorney-client privilege relating to their communications.

6. At no time during the time period November 2007 to the present, has Hemenway entered the state of Illinois, for business or for pleasure. *See* Exhibit A at Par. 5.

7.　　At no time whatsoever has the defendant Hemenway, solicited business in Illinois. *See* Exhibit A at Par. 6.

8.　　Hemenway's sole contact with the Plaintiff consisted of returning his phone calls, which he made to her in Nebraska. The total time of the calls is estimated at 15 - 20 minutes in length.

9.　　Hemenway was in no way whatsoever a party to the alleged contract or business dealing between the Plaintiff and Defendants. Her sole participation in this matter was to act as Anselmo's and M&M's attorney after the fact to try and negotiate a settlement between the parties. *See* Exhibit A at Par. 8.

10.　　Defendant Anselmo is also a resident of Nebraska, where he hired Hemenway, and where they transacted all business related to their relationship.

11.　　Plaintiff Blumenthal bears the burden of establishing that this Court may exercise personal jurisdiction over Hemenway, and plaintiff has failed to do so in this case. *RAR, Inc. v. Turner Diesel,* 107 F.3d 1272, 1275 (7th Cir. 1997).

12.　　A state's power to invoke personal jurisdiction over a nonresident defendant is limited by the due process clause of 14th Amendment to the U.S. Constitution. *Riemer v. KSL Recreation Corp.*, 348 Ill.App.3d 26, 34, 807 N.E. 2d 1004, 1011 (1st Dist. 2004). Due process requires that if a defendant is not present within the territory, it must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id.; *See also International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). There are no minimum contacts between this jurisdiction and defendant Hemenway to provide a basis for personal jurisdiction in this case.

13. Alternatively, should this Court determine that it has personal jurisdiction over Hemenway, venue is improper under 28 U.S.C. § 1391, as Hemenway was neither residing in the state of Illinois, nor present in the state of Illinois, when the alleged acts giving rise to the filing of the Complaint in this matter occurred.

14. Counsel for Hemenway attempted to alert Plaintiff's counsel to these issues prior to filing this Motion, but Plaintiff's attorney has refused to dismiss this case as against Hemenway.

WHEREFORE, the defendant, Kathryn Hemenway, enters her special appearance under Rule 12(b)(2) and moves this Court for entry of an Order dismissing this matter for lack of personal jurisdiction over her, or, in the alternative, for transfer of venue to the United States District Court for the State of Nebraska pursuant to 28 U.S.C. § 1391, for attorneys' fees and costs connected with the filing and presentment of this motion, and for any other relief that this Court deems equitable and just.

Date:   January 28, 2008

Respectfully submitted,

KATHRYN HEMENWAY

By: ___s/Elizabeth S. Stevens___
    One of her attorneys

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, IL 60448
(708) 390-2800
(708) 390-2801 – Facsimile
jp@pittacoracrotty.com
es@pittacoracrotty.com