IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. BLUMENTHAL, ) | |
| ) | |
| Plaintiff, ) | **Court No.   07 C  7230** |
| vs. ) | |
| ) | |
| MATTHEW H. ANSELMO, ) | **Judge Joan B. Gottschall** |
| M & M MARKETING, L.L.C., and KATHRYN ) | |
| HEMENWAY ) | |
| ) | **Magistrate Michael T. Mason** |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES BEING WITHHELD UNDER A CLAIM OF PRIVILEGE**

**Introduction**

In the two months leading up to the filing of the instant lawsuit, Plaintiff had repeated contact with Defendant Hemenway regarding the delivery and receipt of $ 2.2 million that Plaintiff was owed by Defendants Anselmo and M & M Marketing. Defendant Hemenway initiated contact with the Plaintiff, and held herself out initially as Defendants Anselmo's and M & M Marketing's accountant, and *only as their accountant*. It was only after Defendant Hemenway first sent a facsimile to Plaintiff, that Plaintiff learned that Defendant Hemenway was also an attorney. Regardless, all of Defendant Hemenway's communications with the Plaintiff focused solely on the existence of certain funds and the transferring of a portion of those funds to the Plaintiff and Dr. Vicari.

On February 14, 2008 this Court directed the Plaintiff to submit written questions to counsel for Defendant Hemenway regarding the location of Defendants Anselmo and M & M Marketing's assets. Plaintiff complied with this Court's request the same day (*See* Exhibit A), and on February 15, 2008 received Defendant Hemenway's response. (*See* Exhibit B.) Defendant Hemenway asserts the attorney-client privilege protects the information sought, however she

1

conveniently ignores two basic facts regarding the requested information as it relates to the privilege. The first basic fact is that with respect to at least the first two questions posed by the Plaintiff, she called and faxed into the state of Illinois to convey this information to the Plaintiff.[1] It is well established that information conveyed to an attorney with the intent that it be relayed to a third party is not privileged. The second basic fact which Defendant Hemenway ignores is that the attorney-client privilege only covers confidential communications to an attorney for the purpose of seeking legal advice. The Plaintiff is seeking information relayed to Defendant Hemenway in her capacity as an accountant, and therefore the attorney-client privilege is inapplicable. Not only did Defendant Hemenway hold herself out as Defendant Anselmo's and M&M Marketing's accountant, but the information received from Defendants Anselmo and M & M Marketing was communicated with the express intent that the substance of the communications be relayed to the Plaintiff. Therefore there is no privilege protecting the information sought by the Plaintiff.

## Legal Standard

Given that Defendant Hemenway claims to have been both accountant and attorney to Defendants Anselmo and M & M Marketing, the Plaintiff quotes the legal standard set forth by Judge Pallmeyer in *U.S. v. Warner*, when faced with this same problem by Gov. Ryan's accountant/attorney.

> The privilege protects "confidential communications made by a client to his lawyer where legal advice of any kind is sought from a professional legal advisor *in his capacity as such*." *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000) (emphasis added). The client must intend that these communications be confidential, and thus not make them in the presence of a third party. *Evans*, 113 F.3d at 1462. Although the documents at issue do not contain any direct correspondence from Defendant Ryan to anyone, they may

---

[1] The Plaintiff is currently seeking the basis for the representations Defendant Hemenway called and faxed into Illinois.

2

"rest on confidential information obtained from the client," or could "reveal the substance of a confidential communication by the client" and may therefore be privileged. *Id.* (internal citations omitted). The privilege must be construed narrowly,[2] but the Seventh Circuit holds that communications from an attorney to a client are privileged if they "constitute legal advice" or would "directly or indirectly" reveal the substance of a client confidence. *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990). *See also Matter of Grand Jury Proceeding*, 68 F.3d 193, 197 (7th Cir. 1995) (attorney-client privilege is limited to legal advice).

Not all communications between an attorney and client are privileged, however. For example, "[w]hen information is transmitted to an attorney with the intent that the information will be transmitted to a third party . . . , such information is not confidential." *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992) (internal quotation omitted). This is true with respect to information intended to be conveyed to the Internal Revenue Service, even if the information conveyed does not ultimately appear on the tax return. The fact that the client transmitted the information knowing that it "might be used" on the tax return destroys any expectation of confidentiality. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992) (citing *United States v. Lawless*, 709 F.2d 485, 486 (7th Cir. 1983)).

Nor does the privilege attach to communications with an attorney who is providing non-legal services to his client. The most challenging inquiry on this motion is whether Mr. Kaplan and his employees were acting in their capacity as attorneys or their agents, or whether they were acting as accountants preparing tax documents for CFR. As "there is no common law accountant's or tax preparer's privilege," an attorney who also acts as a client's tax preparer or accountant cannot claim attorney-client privilege when the attorney's work is that of an accountant or tax preparer. *United States v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999). "If what is sought is not legal advice but only accounting service . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (internal citations omitted). In *Frederick*, the Seventh Circuit specifically held that an accountant's worksheets are not privileged, even if they reflect some of the attorney-tax preparer's own thinking, because "a dual-purpose document – a document prepared for use in preparing tax returns and for use in litigation – is not privileged." *Frederick*, 182 F.3d at 501.

On the other hand, information transmitted to an attorney or to the attorney's agent is privileged if it was not intended for subsequent appearance on a tax return and was given to the attorney for the sole purpose of seeking legal advice. *In re Grand Jury Proceedings*, 220 F.3d at 571. "What is vital to the

---

[2] "[T]he privilege is in derogation of the search for the truth and, therefore, must be strictly confined." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000)(citations omitted). (Footnote in quoted opinion.)

3

> privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *United States v. Brown*, 478 F.2d 1038, 1040 (7th Cir. 1973) (internal citations omitted). And the privileged material may be shared with a non-attorney accountant so long as the accountant is acting as an agent of the attorney for the purpose of providing legal advice. *In re Grand Jury Proceedings*, 220 F.3d at 571. Whether that test is met may depend on a showing that it was the attorney who hired the accountant to facilitate the communication of confidential legal advice. *Schulze v. Rayunec*, 350 F.2d 666, 668 (7th Cir. 1965).

*United States v. Warner*, No. 02 CR 506, at 6-7 (N.D. Ill. Oct. 18, 2005)(emphasis added).

Further, the Seventh Circuit has stated, "The [attorney-client] privilege 'protects only those disclosures necessary to obtain informed legal advice *which might not have been made absent the privilege*.'" *In re Walsh*, 623 F.2d 489, 494 (7th Cir 1980), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980)(quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)(emphasis added)). Finally, "*the privilege does not apply where the communication* consists largely of business or technical information or advice and *is not primarily legal in nature*." *Baxter Travenol Labs. Inc. v. Abbott Labs.*, No. 84 C 5103, 1987 WL 12919 at *5 (N.D. Ill. June 19, 1987)(Bucklo, J.)(citing *Sneider v. Kimberly-Clark Corp.,* 91 F.R.D. 1, 5 (N.D.Ill. 1980))(emphasis added).

Having dealt with the privilege and the party that bears the burden for proving the privilege exists, the Plaintiff turns to the well-established standard for proving the privilege exists.

> For *each* document, the log should identify the date, the author and *all* recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. <u>These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements expounded upon in the foregoing discussion</u>. Accordingly, descriptions such as "letter re claim," "analysis of claim," or "report in anticipation of litigation"--with which we have grown all too familiar--will be insufficient. This may be burdensome, but it will provide a more accurate evaluation of a discovery opponent's claims and takes into consideration the fact that there are no presumptions operating in the discovery opponent's favor. <u>Any failure to comply with</u>

4

> these directions will result in a finding that the plaintiff-discovery opponents have failed to meet their burden of establish the applicability of the privilege.

*Allendale Mutual Insur. Co. v. Bull Data Systems Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992)(italics in original, underscore added for emphasis). As Judge Bobrick noted in *Allendale*, the purpose of the log is not only for the parties to assess the applicability of the privilege, but "to allow the court to determine whether the discovery opponent has discharged its burden of establishing the requirements expounded upon in the foregoing discussion." *Id.*

## Argument

It is the privilege's proponent that has the burden of proving the privilege exists, and Defendant Hemenway has done nothing to meet this burden. At a most basic level, the proponent of the privilege has to show the information was conveyed to the attorney for the purpose of seeking confidential legal advice. "The mere existence of the attorney-client relationship does not raise a presumption of confidentiality." *Sneider*, 91 F.R.D. at 3. It is also a, "well-established rule that only the communications, *not underlying facts*, are privileged." *Id.* at 4 (citing 2 J. Weinstein and M. Berger, Weinstein's Evidence, § 503(b)(04) at 503-37 (1976)). Defendant Hemenway has done nothing to establish that the information sought from her by the Plaintiff, was conveyed to her for the purpose of receiving confidential legal advice. In fact, her holding herself out to the Plaintiff as Defendant Anselmo's and M & M Marketing's accountant suggests that she received the information in her capacity as their accountant, not their attorney. However, even if Defendant Hemenway was only their attorney, the crime/fraud exception to the attorney-client privilege would apply and the Plaintiff would still be entitled to the information. However, we need not reach the issue of whether the exception to the privilege is applicable, because Defendant Hemenway has done nothing to prove that the privilege might even be applicable.

5

Finally, and in this case most importantly, the privilege does not exist when seeking information regarding a parties assets following judgment. The claim of privilege cannot be used as a means to conceal assets to prevent execution of judgment. A judgment creditor is permitted discovery in order that he may find out what assets exist or have been fraudulently transferred. See *G-fours, Inc. v. Meile*, 496 F.2d 809 (2nd Cir. 1974), *Monticello Tobacco Co., Inc. v. American Tobacco Co.*, 12 F.R.D. 344 (S.D.N.Y. 1952) and *Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc. et.al,.* 75 F.R.D. 3, (S.D. Ohio 1977). A default judgment creditor is entitled to the same discovery in aid of execution as any other judgment creditor. Plaintiff was granted a default judgment by this court on January 31, 2008 against Defendants Anselmo and M&M Marketing. The questions posed in the written request all deal with information presumably in Hemenway's possession concerning the whereabouts of certain assets of the judgment debtors and are therefore not covered by any privilege claimed by Hemenway. It should also be pointed out that the claims against Hemenway and therefore the reason for the questions posited in the letter of Feb 14, 2008 by Plaintiff, is that Hemenway claimed to have taken charge of Defendants only known asset, to wit: a $12,000,000.00 check in order to insure that a certain portion of that asset was directly and immediately transferred to Plaintiff and Dr. Vicari. Plaintiff and Vicari relied solely on Hemenway's personal representations that their funds were segregated and ordered to be paid to Plaintiff and Vicari as soon as the check cleared the bank. Without those representations, other, more immediate actions would have been instituted before the funds could have been released to Defendants Anselmo and M&M Marketing. Hemenway assured Plaintiff and Vicari that she would personally oversee the deposit, wiring and transfer of the agreed upon funds. Hemenway personally claimed to have verified that the funds were deposited, personally claimed to have seen the deposit slip, personally verified with the bank manager that Plaintiff's funds were to be wired out to Plaintiff and a similar transfer

was to be done in favor of Dr. Vicari, personally investigated the reason for delays in the transfer and clearing of the funds which occurred, personally claimed to have worked with individuals at the bank to get the funds released to Plaintiff when they were first promised and thereafter personally assured Plaintiff that the funds would be wired out on the revised date after her attempts to get them released from the bank on the prior date failed.

## Conclusion

The attorney-client privilege is narrowly construed because *inter alia* it obstructs the truth seeking function of a trial. Defendant Hemenway has done nothing to demonstrate to this Court that the information sought is covered by the attorney-client privilege, or any other privilege. Given that the information sought by the Plaintiff's first two questions, is the very information Defendant Hemenway was retained to communicate to the Plaintiff, there can be no privilege. Further, given that the information sought are basic facts, and not any advice sought or given, those basic facts are discoverable. As to the third and forth questions asked by Plaintiff, these questions are also only asking for unprotected, basic facts, which were likely communicated to Hemenway in her capacity as Defendant Anselmo's and M & M Marketing's accountant and are allowed as proper interrogation of any third party by a judgment creditor in aid of execution even if made to her as an attorney. Finally, this information is being sought in order to collect on a judgment entered by this Court, against two Defendants who have refused to provide even basic evidence supporting their representations to this Court as to why they have not filed an appearance, answer or otherwise plead, or their inability to attend the hearings on their own motion for a continuance or the numerous other court appearances that have taken place on an almost weekly basis this month. Therefore, this Court should grant the Plaintiff's motion to compel, and order Defendant Hemenway to immediately produce all documents and

information within her possession, custody or control, that is responsive to any of the Plaintiff's four questions set forth in Exhibit A.

        Respectfully submitted,

        **MICHAEL L. BLUMENTHAL, Plaintiff**

        **By:**   /s/   **Michael L. Blumenthal**
                **One of His Attorneys**

**Martin A. Blumenthal**
**Attorney for Michael L. Blumenthal**
**1 Northfield Plaza - Suite 300**
**Northfield, Illinois   60093**
**(847) 441-2687**
**e-mail: marty@blumenthallaw.com**
**Attorney I.D.# 6180069**

**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street  - Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**e-mail: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**