IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. BLUMENTHAL, | ) |
| | ) |
| Plaintiff, | ) Court No.   07 C 7230 |
| vs. | ) |
| | ) |
| MATTHEW H. ANSELMO, | ) Judge Joan B. Gottschall |
| M & M MARKETING, L.L.C., and | ) |
| KATHRYN HEMENWAY | ) |
| | ) Magistrate Michael T. Mason |
| Defendants. | ) |

### DECLARATION OF MICHAEL L. BLUMENTHAL

Pursuant to 28 U.S.C. § 1746, the undersigned MICHAEL L. BLUMENTHAL declares:

1. That your Declarant is the Plaintiff in the above-entitled cause, is an adult of legal age, competent to testify and has personal knowledge of the facts set forth herein as well as those set forth in the complaint and motion filed herein.

2. That if called to testify I would competently testify as follows:

3. That during the late summer and early fall of 2007, Defendant Anselmo negotiated for and purchased a foreign corporation in a tax haven jurisdiction outside the reach of the United States Courts. In conversations with Defendant Anselmo regarding this purchase, he indicated that it was his intention to use the company to process orders from M & M Marketing to foreign manufacturers of clothing and to direct the payment that he and M & M Marketing received from the sale of the clothing, to this company. These conversations took place both before, during and after the closing on the purchase of the foreign corporation.

4. In late fall/early winter of 2007, Defendant Anselmo indicated that he had traveled to New York City to execute loan documents in an effort to secure adequate funding to repay his obligations to Plaintiff and Dr. Frank Vicari, and that those funds would be remitted in short order. This, of course, never happened.

5. Defendant Anselmo indicated in October of 2007 that his prior bank had closed his accounts and had provided him with a check for $12,000,000.00 representing the balance of funds in all of his combined accounts. Initially, Defendant Anselmo promised and allegedly attempted to deliver this check to Plaintiff for deposit in Plaintiff's trust account in order to afford Plaintiff some security and guarantee that he would be repaid.

6. As set forth in the complaint, the check was never tendered. I instead Defendant Anselmo stated that he would deliver the check to his cousin, Dr. Frank Vicari, and would ask Dr. Vicari to take charge of the funds and tender Plaintiff's monies to him that way. Again, Defendant Anselmo failed to meet with Dr. Vicari or tender the funds to him. Ultimately, Defendant Anselmo told Plaintiff that his accountant, Co-Defendant Hemenway, would assist him in opening a new bank account and depositing the $12,000,000.00 check from his prior bank so that Plaintiff could be repaid.

7. Defendant Anselmo indicated that Co-Defendant Hemenway would be in contact with Plaintiff on or about November 8, 2007. Plaintiff received a telephone call from Co-Defendant Hemenway, Plaintiff explained to Co-Defendant Hemenway the fact that he did not trust Defendant Anselmo's word and that immediate action concerning the $12,000,000.00 check was about to be instituted in an effort to prevent Defendant Anselmo from dissipating or hiding the funds. Co-Defendant Hemenway stated, promised and represented that she would personally insure that the $12,000,000.00 check was deposited in an account under her supervision; that the bank would be told that immediately upon the check being released by the bank. that a wire transfer would be sent immediately to Plaintiff and the Co-Defendant Hemenway would insure and guarantee that she monitored the process such that Plaintiff would not be required to institute any legal action. Based solely on the promises and representations of Co-Defendant Hemenway, Plaintiff held off taking any legal action and although Co-Defendant Hemenway and Defendant Anselmo promised to tender the funds, no funds were ultimately received.

8.    Finally, Declarant would testify that all of the exhibits attached to this Declaration are true and correct copies of the original document.

9.    **FURTHER DECLARANT SAYETH NOT.**

/s/ Michael L. Blumenthal
MICHAEL L. BLUMENTHAL

Michael L. Blumenthal, Esq.
Milton M. Blumenthal & Associates
77 West Washington Street - Suite 1720
Chicago, Illinois 60602
(312) 372-3566
e-mail: mike@mmblumenthal.com
Attorney I.D. # 6183007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | Court No.   07 C  7230 |
| vs. | ) | |
| | ) | |
| MATTHEW H. ANSELMO, | ) | Judge Joan B. Gottschall |
| M & M MARKETING, L.L.C., and | ) | |
| KATHRYN HEMENWAY, | ) | |
| | ) | Magistrate Michael T. Mason |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Now comes the Plaintiff, MICHAEL L. BLUMENTHAL, and respectfully moves this Honorable Court for the entry of a Preliminary Injunction against the Defendants, MATTHEW H. ANSELMO and M & M MARKETING, L.L.C., and in support hereof respectfully represents as follows:

### BACKGROUND

1.     This action arise out of a loan of money made by Plaintiff to Defendants Anselmo and M & M Marketing, L.L.C. in May of 2007. Defendants were to repay these funds in early June 2007. The Defendants failed to do so. The Complaint in this matter was filed on December 26, 2007, a copy of which is attached hereto and made a part hereof and marked Exhibit "1".

2.     Personal service was had upon Defendants Anselmo and M & M Marketing on January 4 , 2008 and is so reflected on this Court's docket. See Exhibits "2" and "3" respectively.

3. Based on the Defendants' failure to appear within the time allowed, Plaintiff filed a motion for an order of default and for the entry of a default judgment on January 28, 2008.

4. On January 31, 2008, Judge Gottschall held a hearing on Plaintiff's motion for default and for the entry of default judgment. At the conclusion of the hearing Judge Gottschall found Defendants Anselmo and M & M Marketing in default and entered a default judgment against them and in favor of Plaintiff in the sum of Two Million Two Hundred Thousand ($2,200,000.00) Dollars, plus prejudgment interest at nine (9%) percent. A copy of the order and Final Judgment is attached hereto and made a part hereof and marked Exhibit "4".

5. On the same day, Judge Gottschall entered a ten (10) day Temporary Restraining Order against the Defendants Anselmo and M & M Marketing prohibiting them from transferring any monies outside the continental United States. (See Exhibit "4".)

6. Subsequently, Defendants file a motion for a continuance. Even though Defendant Anselmo failed to appear as promised, Judge Gottschall generously gave Defendant Anselmo fourteen (14) days to hire an attorney and file an appearance. (See Exhibit "5" attached hereto and made a part hereof.) Defendants Anselmo and M&M Marketing have not filed an appearance or sought another continuance.

7. On February 14, 2008 the Court extended that Temporary Restraining Order for an additional ten (10) business days, through and including February 29, 2008. (See Exhibit "6").

8. At the Status hearing on February 14, 2008 the Court suggested that Plaintiff seek to have the Temporary Restraining Order made permanent to prevent Defendants from benefitting further from the Court's largess by dissipating any assets or transferring any assets during the same period, since Plaintiff was told to hold off on any collection action during the extension period granted by the Court. Judge Gottschall indicated that she would and subsequently did, refer the motion to this Honorable Court for further proceedings on this issue.

9. On February 21, 2008 this Honorable Court set a hearing date of February 25, 2008 at 10:00 a.m. on Plaintiff's oral Motion for Preliminary Injunction. This Court directed Plaintiff to file a written by 2:00 p.m. Friday, February, 22, 2008 and further directed Plaintiff to send a copy of the order to all Defendants immediately. Accordingly, a copy of the docket entry setting this matter for hearing was transmitted via facsimile to Defendants Hemenway, Anselmo and M & M Marketing, L.L.C., on Thursday, February 21, 2008 at 11:05 a.m. and 11:06 a.m., respectively. Copies of the facsimile confirmation sheets are attached hereto and made a part hereof as Exhibits "7" and "8".

## ADDITIONAL FACTS

As set out in paragraph 3 of Plaintiff Declaration of February 22, 2008, Defendant Anselmo has recently purchased controlling interest in a foreign corporation located in a known tax haven outside the jurisdiction of the United States of America, and beyond the reach of these courts. It is Plaintiff's understanding based on conversations with Defendant Anselmo, that Defendants intend to divert funds earned from the sale of their products to this

offshore foreign corporation. These funds would then be beyond the reach or ability of Plaintiff to attach through standard judicial means. Defendants Anselmo and M & M Marketing would thereby be making themselves appear insolvent on paper to anyone attempting to collect on a judgment including Plaintiff, to Plaintiff's detriment and harm. This scheme would deprive Plaintiff of access to funds sufficient to satisfy the current judgment, as well as any additional awards which may be entered based on the remaining counts of Plaintiff's Complaint.

Defendants have engaged in a calculated effort over the last 8 ½ months to delay repayment as demonstrated in the Complaint. Defendants clearly used the time to protect themselves since they are evidently not concerned about the pending suit or judgment, as evidenced by their failure to appear and defend. Since the filing of this action Defendants have steadfastly refused to offer any reasonable explanation for their nonpayment or appear and defend themselves. It is reasonable to conclude therefore, that the Defendants have no intention of repaying their debt or satisfying the judgment. Yet, Defendants seem to have plenty of resources to start new businesses. Defendants have, since failing to repay the debt to Plaintiff, started a new clothing line business. The clothes are manufactured overseas and sold at various Ultimate Fighting Championship events around the United States. Plaintiff reasonably believes that the earnings generated by this endeavor are also being diverted to the offshore company in an effort to prevent the Plaintiff from collecting on his judgment.

Defendants Anselmo and M & M Marketing also embarked on a business to sponsor and promote ultimate fighters who fight in the Ultimate Fighting Championship events. This

activity is part of a promotional and marketing tool related to Defendant's new clothing line. It is Plaintiff's believe that these new businesses have been funded in large part with Plaintiff's unpaid monies and loans Defendants claimed to have taken out while in New York City within the past few months. The fact that Defendants claimed to have needed to borrow money to support these new ventures suggests that they are working to make themselves insolvent in order to avoid repayment.

As set forth in Plaintiff's Complaint, and as verified by Co-Defendant Hemenway in numerous facsimiles she sent to Plaintiff (See Exhibit "9"), Defendants Anselmo and M & M Marketing had the monies to pay the judgment entered on January 31, 2008, but have unreasonably failed to do so. Based on Defendant Hemenway's representations in court on February 21, 2008, Defendants Anselmo and M&M Marketing reneged on a "settlement agreement" to repay Plaintiff's money in late November 2007. At the time Defendant Hemenway represented Defendants Anselmo and M&M Marketing had the monies to repay Plaintiff. The only reasonable conclusion that can drawn from the facts is that Defendants believe they are now judgment proof. In order to prevent further efforts to dissipate or transfer assets, Plaintiff is seeking an injunction.

## ARGUMENT

A party seeking a preliminary injunction must demonstrate that:

(1) It has a reasonable likelihood of success on the merits;

(2) It has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied;

>
> (3) The balance of relative harm weighs in the movant's favor;
>
> (4) The public interest will not be harmed if the injunction issues.

*Club Gene & Georgetti Limited Partnership, an Illinois Limited Partnership, Plaintiff v. La Luna Enterprises, Inc., an Illinois corporation, d/b/a Erie Café, E.J. Lenzi, an Individual, and Toni Lenzi, an Individual, Defendants*, 889 F. Supp.324, 325 (U.S.Dist. Ct. 1995); *Canfield Co. V. Vess Beverages, Inc.*, 796 F.2nd 903, 906 (7th Cir. 1986) (citation omitted); *Abott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11-12 (7th Cir. 1992).

The first element, likelihood of success on the merits, is satisfied in this case since Plaintiff already has a final judgment against the Defendants Anselmo and M & M Marketing. The judgment, entered after notice and hearing, is the best evidence that Plaintiff can offer regarding this element of proof. This position is reinforced by the fact that the record reflects that Judge Gottschall informed Defendants, on the single occasion they contacted the court, that the order and judgment had been entered and explained clearly the steps necessary to rectify the situation. The Defendants Anselmo and M&M Marketing have chosen to ignore the notice, advice and warning provided by Judge Gottschall. If Defendants had a valid defense presumably they would have raised it by now. Under these facts it is respectfully submitted, that the first element has been met.

Since this action involves, at its most basic level, a breach of contract, the natural remedy is money damages. This case is no exception. Plaintiff has sought and obtained a judgment only for money damages. In these circumstances, the second element that the court

must consider, that there exists no adequate remedy at law or that movant will suffer irreparable harm, merge. The question for the court to then consider is whether the Plaintiff will be made whole if he prevails on the merits, is awarded damages and tries to collect. A money damage award remedy may still be considered inadequate for any one of four reasons. In this case only one of the four reasons usually cited for the entry of a preliminary injunction is offered in support of the second element, and to-wit: that damages may be unobtainable from the Defendant because he may become, purposefully or unintentionally, insolvent before a final judgment can be entered and or collected. See *Signode Corp. V. Weld-Loc Systems, Inc.*, 700 F.2d 1108, 1111 (7th Cir. 1983). Plaintiff herein has alleged, and has supported his allegations with his Declaration, that the Defendants have purchased a foreign corporation in a know tax haven jurisdiction, beyond the reach of the courts of the United States of America, with the intention of diverting future income and current funds to this foreign company, in order to deprive Plaintiff of his ability to collect his final judgment. Defendant has continually engaged in an effort to frustrate Plaintiff's efforts to collect the monies due and owing as more fully set forth in Plaintiff's Complaint, in order to buy sufficient time to dissipate, hide and conceal his assets. In furtherance of his efforts, it is Plaintiff's contention that, Defendant Anselmo engaged the services of Co-Defendant Hemenway to further add to the time he had to hide or dissipate his assets due to her failure to actually perform the promises and representations made by her. Defendant Anselmo presumably has used that time well. Defendants Anselmo and M&M Marketing have started a new business selling a line of clothing marketed toward fans of the Ultimate Fighting Championship. In order to help gain

visibility for their new clothing line, Defendant Anselmo and M & M Marketing have sponsored fighters in many UFC contests in the last six (6) months. It is Plaintiff's understanding and belief that the profits from these endeavors, as well as those of their original business, are diverted to Defendants offshore company in order to keep them out of the reach of Plaintiff and his efforts to satisfy the outstanding judgment which currently sits at $2,343,753.42 (as of February 25, 2008).

Regarding the third and fourth elements, Plaintiff has a final judgment which Defendant Anselmo has been avoiding. Plaintiff is seeking merely to prevent the Defendant from continuing to dissipate, transfer or hiding his assets so that Plaintiff will be able to collect on his judgment. While arguably some harm to Defendants will result from the entry of this injunction, this is not the type of harm contemplated to be protected when a court weighs the merits of each parties position in considering a request for a preliminary injunction. The relief Plaintiff seeks here is the minimum protection necessary to prevent further harm to Plaintiff and allow him to collect his judgment. The requested relief does not hinder, hamper or interfere with Defendants or the businesses they run in an unreasonable or unnecessary manner beyond that required to protect Plaintiff and satisfy the outstanding judgment. The relative merits of the parties on this issue favor the granting of Plaintiff's request.

The final element, harm to the public interest, also favors the entry of a preliminary injunction. There is no public interest issue touched upon or affected by Plaintiff in his request for relief. This matter is a simple debtor-creditor scenario with no public interest component. Plaintiff's current motion merely seeks to enjoin the Defendants from further dissipating their

assets in an effort to become insolvent, allowing Plaintiff an opportunity to recover his property.

Specifically, Plaintiff seeks to:

1) Enjoin and prohibit the Defendants from transferring any of their assets outside of the United States.

2) Enjoin and prohibit the Defendants from transferring or selling any stock they may own or control in any public, private or closely held companies pending satisfaction of the judgment;

3) Bar the Defendants from entering into or making any extraordinary or unusual business transfers or paying any extraordinary or unusual business expenses without prior leave of court, until Plaintiff's judgment has been satisfied;

4) Require Defendants to identify, in writing directed to Plaintiff, specifically and in detail where the Defendants' funds, which were previously on deposit with U.S. Bank in September/October 2007, were transferred to or how they were spent or otherwise disposed of within forty-eight (48) hours.

5) Obtain an order from this court requiring the Defendants to repatriate sufficient funds to satisfy their outstanding liability to Plaintiff within seven (7) days and identify, in writing directed to Plaintiff, the location of said funds.

6) Obtain an order from this court requiring the Defendants to identify, in writing directed to Plaintiff, all bank accounts which they have anywhere in the world, in their name or under their direction and control, directly or indirectly within forty-eight (48) hours;

7) Obtain an order from this court requiring Defendants to provide Plaintiff, in writing, with a list of all tangible assets located anywhere in the world which are owned or controlled directly or indirectly by them within forty-eight (48) hours;

8) Obtain an order from this court requiring Defendants to provide Plaintiff with a written list of any and all third parties to whom transfers of tangible assets have already been made since June 6, 2007 or who hold property or assets of the Defendants within forty-eight (48) hours;

9) Obtain an order requiring the Defendants to identify, in writing directed to Plaintiff, where the supposed $12,000,000.00 check was deposited and further identify, in writing directed to Plaintiff, in detail where and how those funds have been spent or otherwise disposed of within forty-eight (48) hours specifically including the name, address and telephone numbers of any and all entities and/or individuals who received or who control any of the funds from that check.

10) Obtain an order barring the defendants from further encumbering any assets or from taking on a new debt until Plaintiff's judgment has been fully satisfied.

Finally, Plaintiff requests that the Court waive the security that Rule 65(c) of the Federal Rules of Civil Procedure requires suggest or in the alternative require a $1.00 security payable on further order of Court to the Clerk of the Court. "Under appropriate circumstances bond may be excused, not-withstanding the literal language of Rule 65(c)." *Wayne Chemical, Inc. V. Columbus Agency Service Corp.*, 567 F.2d 692, 701 (7th Circ. 1977) (citing *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) (1977 CA7). "Since the amount of the security rests within the

10

discretion of the district judge, the matter of requiring a security in the first instance was recognized in *Urbain* as also resting within the discretion of the district judge." *Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) (1977 CA7)(citing Urbain v. Knapp Brothers Mfg. Co., 217 F.2d 810, 815 (6th Cir., 1954). Considering the fact that a final judgment of over $2,000,000.00 is capable of being executed on, it is respectfully submitted that the purposes of requiring a security are not relevant in this case. Plaintiff has already prevailed, whatever harm the security requirement seeks to prevent is already decided in Plaintiff's favor.

WHEREFORE, plaintiff, MICHAEL L. BLUMENTHAL, prays this Honorable Court enter a preliminary injunction against the Defendants, MATTHEW H. ANSELMO and M & M MARKETING, L.L.C., jointly and individually, and anyone else with notice and knowledge acting in concert with them, which:

  A. Prohibits the Defendants from transferring any of their assets outside of the continental United States.

  B. Prohibits the Defendants from transferring or selling any stock they may own in any public, private or closely held companies until Plaintiff's judgment is satisfied;

  C. Prohibits the Defendants from making or engaging in any extraordinary or unusual business transfers or pay any extraordinary or unusual business expenses until Plaintiff's judgment has been satisfied;

  D. Require the Defendants to identify, and provide, in writing directed to Plaintiff, specifically and in detail where the funds of the Defendants which were on deposit with U.S. Bank in September/October 2007 were transferred to or how they were spent or otherwise

disposed of within forty-eight (48) hours of the entry of this motion and order.

    D.    Requiring and directing the Defendants to repatriate sufficient funds to satisfy their outstanding liability to Plaintiff within seven (7) days and identify, in writing directed to Plaintiff, the location of said funds.

    E.    Requiring the Defendants to identify all bank accounts which they have anywhere in the world, wheresoever situated in their name or under their direction and control, directly or indirectly within forty-eight (48) hours in writing to Plaintiff;

    F.    Requiring the Defendants to provide Plaintiff with a list of all tangible assets wheresoever situated anywhere in the world own or controlled by Defendants directly or indirectly within forty-eight (48) hours;

    G.    Requiring and directing the Defendants to provide Plaintiff with a list of any and all third parties to whom they have transferred any property or assets since June 6, 2007 or who hold property or assets of the Defendants within forty-eight (48) hours;

    H.    Requiring the Defendants to identify, in writing directed to the Plaintiff, where the $12,000,000.00 check was deposited and further identify in detail how those funds have been spent or otherwise disposed of within forty-eight (48) hours and specifically identifying the name, address and telephone numbers of any and all entities, individuals who received any of the funds from that check.

    I.    Prohibits the Defendants from further encumbering any assets or from taking on a new debt until Plaintiff's Judgment has been fully satisfied.

And finally that no security be required of Plaintiff.

Respectfully submitted,

MICHAEL L. BLUMENTHAL, Plaintiff

By: /s/ Michael L. Blumenthal
One of His Attorneys

Martin A. Blumenthal
Attorney for Michael L. Blumenthal
1 Northfield Plaza - Suite 300
Northfield, Illinois 60093
(847) 441-2687
e-mail: marty@blumenthallaw.com
Attorney I.D.# 6180069

Michael L. Blumenthal, Esq.
Milton M. Blumenthal & Associates
77 West Washington Street - Suite 1720
Chicago, Illinois 60602
(312) 372-3566
e-mail: mike@mmblumenthal.com
Attorney I.D. # 6183007