IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Michael L. Blumenthal,<br>    Plaintiff<br>v.<br><br>Matthew H. Anselmo,<br>M & M Marketing, LLC<br>and Kathryn Hemenway | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 07 CV 7230<br><br>Judge Joan Gottschall<br>Mag: Michael T. Mason |

**KATHRYN HEMENWAY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES BEING WITHHELD UNDER A CLAIM OF PRIVILEGE**

NOW COMES Defendant Kathryn Hemenway ("Hemenway"), by and through her attorneys, Pittacora & Crotty, LLC, and responds to Plaintiff's Motion to Compel the Production of Documents and Answers to Interrogatories Being Withheld Under a Claim of Privilege as follows:

**INTRODUCTION**

Plaintiff, Michael L. Blumenthal, Esq. ("Blumenthal"), filed his Complaint against Matthew H. Anselmo, M & M Marketing, LLC and Kathryn Hemenway on or about December 26, 2007. Plaintiff obtained a default judgment against Defendants, Matthew H. Anselmo and M & M Marketing, LLC (collectively, "Anselmo"), on or about January 31, 2008. Anselmo moved for an extension of time to answer or otherwise plead, and was granted that extension, to February 21, 2008. On or about January 28, 2008, Defendant, Kathryn Hemenway ("Hemenway") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff requested and was granted an extension of time to respond to Hemenway's Motion, up to March 14, 2008. After representing to this Court that conflicts in other cases necessitated this extended briefing schedule on Hemenway's Motion, Blumenthal proceeded to file a volley of motions

relating to execution of judgment against Anselmo. Blumenthal then sent written correspondence to counsel for Hemenway requesting certain information from her related to her representation of Anselmo in the settlement negotiations with Blumenthal that gave rise to the filing of the Complaint in this matter. A copy of Blumenthal's February 14, 2008 correspondence to counsel for Hemenway is attached to Blumenthal's Motion to Compel as Exhibit A. Counsel for Hemenway's response to Blumenthal's February 14, 2008 correspondence is attached to Blumenthal's Motion to Compel as Exhibit B.

As a result of Hemenway's refusal to provide the information requested based on the fact that Anselmo had not waived attorney-client privilege with respect to his communications with Hemenway during the aforementioned settlement negotiations, Blumenthal filed the instant Motion to Compel. This Court must deny Blumenthal's Motion to Compel, as he has failed to comply with Federal Rules of Civil Procedure relating to discovery and execution of judgments, and has filed this improper Motion to Compel only for purposes of harassment.

## ARGUMENT

**I.    Plaintiff has failed to utilize the proper procedure pursuant to Federal Rules of Civil Procedure for enforcement of money judgments.**

As an initial matter, Federal Rule of Civil Procedure 62(b) postpones enforcement of a judgment for ten days from the date of entry of the judgment. Given that Judge Gottschall granted Plaintiff an extension of time to answer or otherwise plead to February 21, 2008, Plaintiff's attempts to conduct any discovery to execute on his money judgment are premature, as Plaintiff may not enforce this judgment until March 2, 2008.

Next, Federal Rule of Civil Procedure 69 provides for the procedure for enforcement of a money judgment through writ of execution. A party seeking to enforce

2

a judgment under FRCP 69 may use either federal or state discovery rules to uncover information concerning assets of the debtor and to aid in execution of the judgment. Per Illinois statute, the proper procedure for enforcement of a money judgment is to issue a Citation to Discover Assets pursuant to 735 ILCS 5/2-1402. Moreover, in Illinois, "intangible" personal property, such as a bank account, may not be levied on by way of a writ of execution; a creditor must proceed by way of a citation to discover assets proceeding. *Asher v. U.S.*, 436 F. Supp. 22 (N.D. Ill. 1976). As such, Plaintiff's attempts to compel production of this information are improper under state law.

Further, given that Hemenway has filed a Motion to Dismiss Pursuant to Federal Rule 12(b)(2), which Plaintiff has delayed ruling on based on his requests for an extended briefing schedule, Hemenway is not yet a party to this case for purposes of discovery. Any discovery issued to Hemenway at this stage must be through subpoena pursuant to FRCP 45, issued in the district in which Hemenway resides. Hemenway is a resident of the State of Nebraska. Therefore, Plaintiff's request by written correspondence is clearly improper under both federal and Illinois state law regarding collection of money judgments.[1]

**II.   Plaintiff already possesses all of the information responsive to his request.**

Next, even were this Court to overlook Plaintiff's blatant failure to comply with the Federal Rules of Civil Procedure in this matter, all of the information requested by Plaintiff is already within his possession. As indicated in Hemenway's response to

---

[1] Additionally, Plaintiff sent his request for information from Hemenway via correspondence to undersigned counsel. Undersigned counsel represents Hemenway for purposes of preparing, filing and arguing a Rule 12(b)(2) motion to dismiss. Technically speaking, undersigned counsel does not represent Hemenway as it relates to Plaintiff's efforts to execute on a judgment he has against Defendants Anselmo and M & M Marketing. Thus, Plaintiff's effort to obtain information from Hemenway through undersigned counsel is improper.

Plaintiff's February 14, 2008 request, Hemenway is not in possession of any new information. As is clearly apparent from the exhibits attached to Plaintiff's Complaint, Plaintiff is already in possession of all of the information Hemenway has relating to the following requests: 1) the identity of the banking institution upon which the $12,000,000 check was written (Exhibit 9 to Plaintiff's Complaint); 2) the banking institution to which the $12,000,000 check was deposited (Exhibit 9 to Plaintiff's Complaint); 3) the banking institutions in which M & M Marketing and/or Matthew Anselmo has or had bank accounts (Exhibits A and 9 to Plaintiff's Complaint); and 4) the location and description of any and all tangible assets of M & M Marketing and Anselmo known to Hemenway to exist (Exhibits A and 9 to Plaintiff's Complaint).

As indicated in Hemenway's 12(b)(2) Motion to Dismiss, Hemenway represented Anselmo and M & M Marketing for approximately three weeks during settlement negotiations in this matter. The information provided during the pendency of that representation constitutes all of the information in her possession responsive to Blumenthal's request.[2] Given that Hemenway and her counsel have notified Blumenthal of this fact on several prior occasions, Blumenthal's Motion to Compel is clearly brought solely to harass Hemenway.

### III. Hemenway represented both Anselmo and M & M Marketing in November 2007 as an attorney, not as an accountant.

Finally, Plaintiff has argued in his Motion to Compel that the fact that Hemenway is also an accountant renders the attorney-client privilege meaningless with respect to her

---

[2] Hemenway is also a CPA and her accounting firm did prepare tax returns for a few prior years for Anselmo. Hemenway has never prepared tax returns or done accounting work for M & M Marketing. Thus, Hemenway may have dated information about Anselmo that is potentially responsive to Plaintiff's requests for information. However, as discussed above and below, Plaintiff has neither employed the correct procedure to discover this information nor should Hemenway be required to provide it due to the attorney-client privilege.

representation of Anselmo and M & M Marketing. Clearly, this position is untenable. As indicated by the correspondence attached to the Complaint, Hemenway acted as Anselmo and M & M Marketing's attorney, and consistently held herself out as such. All of the correspondence she sent to Blumenthal during her representation was on her letterhead and read, "Kathryn M. Hemenway, Attorney-At-Law…" *See* Plaintiff's Complaint at Exhibit 9. Moreover, Plaintiff admits in his Complaint that, contrary to the representations made in his Motion to Compel, Hemenway identified herself as Anselmo's attorney in her initial phone call with Blumenthal on November 12, 2007. *See* Plaintiff's Complaint at Par. 49 and 79. His statement in the first paragraph of his Motion to Compel that Hemenway held herself out initially as Defendants' account and "only as their accountant," and that Plaintiff only learned Hemenway was an attorney after she sent him a facsimile, is flatly contradicted by the Complaint he filed in this matter. *See* Plaintiff's Motion to Compel at Par. 1.

Moreover, the case law quoted extensively in Plaintiff's Motion to Compel is simply inapposite to the case at hand. As previously indicated, at no point during her discussions with Plaintiff did Hemenway hold herself out as Anselmo's and M & M Marketing's accountant. Therefore, all of the information provided to Hemenway was provided while Hemenway was acting in her capacity as Anselmo's and M & M Marketing's attorney, and *U.S. v. Warner* is not applicable. Further, Plaintiff seeks to argue that, because the information has already been provided to Plaintiff in the past by Hemenway, she should be compelled to provide it again. If Plaintiff's argument is followed to its logical conclusion, then Plaintiff is already in possession of all of the information that Hemenway possesses relating to this matter. Indeed, Plaintiff references

5

the fact that, with respect to the first two requests for information posed in Plaintiff's February 14, 2008 correspondence, "[Hemenway] called and faxed into the state of Illinois *to convey this information to the Plaintiff*" (emphasis added). Plaintiff's Motion to Compel at p.2. Again, Plaintiff has the same information that Hemenway had, and the instant motion is a complete waste of this court's time.

Hemenway clearly acted in her capacity as Anselmo and M & M Marketing's counsel during the settlement negotiations that gave rise to the filing of the Complaint in this matter, and held herself out as their attorney. As such, the attorney-client privilege applies to this information, and as Anselmo and M & M Marketing have not waived that privilege, Hemenway cannot produce any information responsive to Plaintiff's February 14, 2008 request.

## **CONCLUSION**

Plaintiff's Motion to Compel the Production of Documents and Answers to Interrogatories Being Withheld Under Claim of Privilege must be denied for the following reasons: 1) Plaintiff has utterly failed to comply with Federal Rules of Civil Procedure and Illinois statute relating to discovery and execution of judgments; 2) Defendant Hemenway has already provided all the information sought in Plaintiff's request; and 3) Defendant Hemenway represented Defendants Anselmo and M & M Marketing as their attorney, and as such, attorney-client privilege applies to the communications between them. Moreover, Plaintiff's attempts to harass and bully Hemenway into the role of guarantor of the settlement reached between Anselmo, M & M Marketing, and Plaintiff are clearly unethical and improper.

WHEREFORE, the defendant, Kathryn Hemenway, respectfully requests this Court enter an Order denying Plaintiff's Motion to Compel, for attorneys' fees and costs connected with the filing and presentment of this motion, and for any other relief that this Court deems equitable and just.

Date:   February 28, 2008

Respectfully submitted,

KATHRYN HEMENWAY

By:   s/James R. Pittacora
One of her attorneys

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, IL 60448
(708) 390-2800
(708) 390-2801 – Facsimile
jp@pittacoracrotty.com
es@pittacoracrotty.com


Richard Register
425 N. "H" St.
Fremont, NE 68025
(402) 727-9248
Attorney #17783