## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICHAEL L. BLUMENTHAL,      )
                                      )
               **Plaintiff,**    )   **Court No.  07 C 7230**
   **vs.**                             )
                                        )
**MATTHEW H. ANSELMO,**     )   **Judge Joan B. Gottschall**
**M & M MARKETING, L.L.C., and**  )
**KATHRYN HEMENWAY**      )
                                        )   **Magistrate Michael T. Mason**
           **Defendants.**    )

## DECLARATION OF MICHAEL L. BLUMENTHAL

Pursuant to 28 U.S.C. § 1746, the undersigned MICHAEL L. BLUMENTHAL declares:

1.    That your Declarant is the Plaintiff in the above-entitled cause, is an adult of legal age, competent to testify and has personal knowledge of the facts set forth herein as well as those set forth in the complaint and motion filed herein.

2.    That if called to testify I would competently testify as follows:

3.    That on November 9th, 2008 at 4:18 pm Defendant Hemenway initiated a call to Declarant/Plaintiff on his cell phone from telephone number 402-339-4040. (*See* Ex. D)  Defendant Hemenway identified herself as Defendants Anselmo's and M & M Marketing's accountant and stated that she was helping them resolve the issues related to their recent run-in with the IRS. She went on to say that she was calling at Defendant's specific request to discuss the repayment of Declarant's loans.

4.    Prior to this date and time Declarant had never initiated contact with or communicated with Defendant Hemenway.

5.    During this initial telephone conversation with Defendant Hemenway, Declarant explained the history of his interactions with Defendants Anselmo and M & M Marketing. Declarant explained that he was instituting a lawsuit against Defendants Anselmo and M & M Marketing because of their failure to repay the loans, and based on the string of broken promises your Declarant was concerned about being repaid from the funds Defendants Anselmo and M & M Marketing had in the form of a $12,000,000.00 check from US Bank.

6.    Specifically, Declarant stated that the failure of Defendant Anselmo to deliver the $12,000,000.00 check to either himself or Dr. Vicari as promised as security for the repayment was an



immediate cause for concern. Declarant was going to institute immediate proceedings to obtain repayment, and move to enjoin the transfer of the funds from the check to the extent necessary to ensure repayment.

7.      Defendant Hemenway stated that she was aware of the issues and was calling Declarant at the request of Defendants Anselmo and M & M Marketing, L.L.C. to discuss the delivery of money owed Plaintiff by Defendants Anselmo and M & M Marketing, L.L.C.. A discussion then took place wherein Defendant Hemenway requested that Declarant not institute a lawsuit, and in exchange she agreed to accept the role of insuring that Defendants Anselmo and M & M Marketing, L.L.C. would open a new bank account which would then accept the deposit of the $12,000,000.00 check and would then further insure that a wire transfer was ordered and took place from that account to Declarant for an amount sufficient to repay the loans.

8.      In response, Declarant/Plaintiff indicated that he did not trust Defendant Anselmo to do these things but would allow Defendant Hemenway to accept the responsibilities she set forth, if she so chose. It was emphasized by Declarant that but for the involvement, representations and promises made by Defendant Hemenway, your Declarant would immediately institute suit.

9.      Defendant Hemenway agreed to accept the responsibilities of insuring that Plaintiff was repaid. She specifically agreed to verify the existence of the check, that it was deposited and further agreed to oversee and ensure that the bank in which the check was deposited, was given explicit, noncancellable instructions to wire Declarant/Plaintiff's funds to him as soon as the check cleared the banks' systems.

10.      In a series of phone conversations and facsimiles between November 9, 2007 and November 27, 2007, Defendant Hemenway claimed to have done all that she had promised on behalf of Defendants Anselmo and M & M Marketing, L.L.C. and Declarant. (*See* Group Ex. C)

11.      Once the day arrived for the wire transfer of the funds, the funds failed to appear, Plaintiff contacted Defendant Hemenway for an explanation. Defendant Hemenway indicated that she would check and see what was going on and get back to Declarant. That was the last time Plaintiff spoke to Defendant Hemenway, or anyone else on her behalf, regarding the check or the wire although Declarant made numerous subsequent calls to Defendant Hemenway's office over the next week. Ultimately a secretary from Defendant Hemenway's office told Declarant to stop calling, Defendant Hemenway would not speak to me.

2

12.     It is Declarant's belief that Defendant Hemenway did not take the steps promised to insure that Declarant's money was repaid, contrary to her representations and promises.

13.     At no time did Defendant Hemenway ever attempt to settle any dispute or discuss a settlement of any dispute between Declarant and Defendants Anselmo and M & M Marketing. Defendant Hemenway took on the role of ensuring that monies owed Declarant were deposited in a bank and subsequently delivered to Declarant once the funds cleared the banking system on behalf of Anselmo and M & M Marketing.

14.     At all times during the interactions between Declarant and Defendant Hemenway, Declarant was in the metropolitan area of the City of Chicago, State of Illinois. No communications to or from Declarant by Defendant Hemenway took place outside the Metropolitan area of the City of Chicago, State of Illinois and this fact was known to Defendant hemenway from various conversations she had with Defendant Anselmo and Plaintiff/Declarant..

15.     A true and accurate copy of each of the following accompanies this declaration:

| Exhibit | Document |
|---------|----------|
| B | Declaration of Dr. Frank A. Vicari. |
| Group C | Facsimiles from Defendant Hemenway dated 11/12/07, 11/13/07, 11/20/07 and 11/26/07. |
| D | Photograph of Plaintiff/Declarant's Cell phone showing initial call came from Defendant Hemenway to Plaintiff/Declarant. |

16.     **FURTHER DECLARANT SAYETH NOT.**

**/s/ Michael L. Blumenthal**
**MICHAEL L.  BLUMENTHAL**


**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street  - Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**e-mail: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL L. BLUMENTHAL,** ) | |
| ) | |
| **Plaintiff,** ) | **Court No.   07 C  7230** |
| **vs.** ) | |
| ) | |
| **MATTHEW H. ANSELMO,** ) | **Judge Joan B. Gottschall** |
| **M & M MARKETING, L.L.C., and** ) | |
| **KATHRYN HEMENWAY** ) | |
| ) | **Magistrate Michael T. Mason** |
| **Defendants.** ) | |

## <u>DECLARATION OF FRANK A. VICARI</u>

Pursuant to 28 U.S.C. § 1746, the undersigned FRANK A. VICARI declares:

1.      That your Declarant is an adult of legal age, competent to testify and has personal knowledge of the facts set forth herein as well as those set forth in the complaint and motion filed herein.

2.      That if called to testify I would competently testify as follows:

3.      That your Declarant has read Plaintiff's complaint filed herein and the facts contained therein as they reflect on or reference your Declarant are true and correct in substance and in fact.

4.      That on or about November 9, 2008 Defendant Hemenway initiated a call to Declarant from telephone number 402-339-4040. The caller identified herself as Defendants Anselmo's and M & M Marketing's accountant, and stated that she was helping them resolve certain issues related to their recent run-in with the IRS. She went on to say that she was calling at Defendants' specific request to discuss the repayment of Declarant's loan, and to explain a little about what was going on in the investigation.

5.      Prior to this date and time your Declarant had never initiated contact with or communicated with Defendant Hemenway.

6.      During this initial telephone conversation with Defendant Hemenway, I told her about my part in the transaction, and loan I made. I went on to explain the irritation and frustration felt by Plaintiff Blumenthal and myself with the situation and Defendants Anselmo and M & M Marketing at that time. I told Defendant Hemenway that I shared Plaintiff's concerns and was supportive of his intentions to institute legal action to protect both our interests against Defendants Anselmo and M & M Marketing because of their failure to repay the loans, and based on the string of broken promises made by Defendant Anselmo. I was fearful that the Defendants would once again fail to repay the money we


EXHIBIT "B"

loaned him and wanted to protect our share of the $12,000,000.00 check that I was supposed to have taken charge of, deposit and disburse as set forth in paragraph 44 of Plaintiff's Complaint.

7.    Defendant Hemenway stated that she had spoken to Plaintiff Blumenthal, was aware of the issues, and was calling me at the request of Defendants Anselmo and M & M Marketing, L.L.C.. Defendant Hemenway stated that she was calling to discuss the delivery of money owed me and Plaintiff by Defendants Anselmo and M & M Marketing, L.L.C.. A discussion then took place wherein Defendant Hemenway recounted her conversation with Plaintiff Blumenthal and his willingness to put off initiating litigation if Defendant Hemenway would do certain things to ensure that the $12,000,000 check existed and our loans were to be repaid from those funds if in fact the check existed. She asked if I understood the terms of the agreement she had reached with Plaintiff Blumenthal and if those terms were reasonable to me. Defendant Hemenway then told me that she agreed to accept the responsibility for ensuring that Defendants Anselmo and M & M Marketing, L.L.C. would open a new bank account, into which would be deposited the $12,000,000.00 check, and she would then further ensure that a wire transfer was ordered and took place from that account to me and Plaintiff for an amount sufficient to repay our loans.

8.    In response, I asked questions to satisfy myself that Defendant Anselmo could not back out or change the terms of the arrangement, and that Defendant Hemenway had the ability and authority to do the things see said she would. After being reassured by her, I agreed to trust her to do the things she promised and to let her accept the responsibility of ensuring the check existed, that it got deposited and that after clearing the banking system, my funds and those belonging to Plaintiff were wired out to us that same day. I emphasized that it was only because of her involvement, representations and promises, that I was agreeing to the plan she layed out.

9.    Defendant Hemenway agreed to accept the responsibilities of ensuring that Plaintiff and I were repaid. She specifically agreed to verify the existence of the check, that it was deposited and further agreed to oversee and ensure that the bank in which the check was deposited, was given explicit, noncancellable instructions to wire my money to me as soon as the check cleared the banks' systems.

10.    In a series of phone conversations and facsimiles between November 9, 2007 and November 30, 2007, Defendant Hemenway claimed to have performed each of the steps that she had promised to do on our behalf to ensure we were repaid.

11.    On November 27, 2007, the day scheduled for the wire transfer, the funds failed to appear. Plaintiff contacted me to see if I had heard anything. After verifying that neither one of us had received any money, we both tried to contact the Defendants to find out what was going on. I called and asked Defendant Hemenway for an explanation. Her response was, she didn't understand what had happened, indicated that she would check into it to see what was going on and get back to me. That was the last time I spoke to Defendant Hemenway, or anyone else on her behalf, regarding the check or the

2

wire, although I tried to get a hold of her again over the course of the next week.

12.      It is my belief that Defendant Hemenway did not take the steps promised to ensure that my money was repaid, contrary to her representations and promises.

13.      At no time did Defendant Hemenway ever attempt to settle any dispute or discuss a settlement of any dispute between Declarant and Defendants Anselmo and M & M Marketing. Defendant Hemenway took on the role of ensuring that monies owed Declarant were deposited in a bank and subsequently delivered to Declarant once the funds cleared the banking system on behalf of Anselmo and M & M Marketing.

14.      At all times during the interactions between Declarant and Defendant Hemenway, Declarant was in the metropolitan area of the City of Chicago, State of Illinois. No communications to or from Declarant by Defendant Hemenway took place outside the Metropolitan area of the City of Chicago, State of Illinois and this fact was known to Defendant Hemenway from various conversations she had with Defendant Anselmo, the Plaintiff and your Declarant.

15.      **FURTHER DECLARANT SAYETH NOT.**

/s/ *Frank Vicari*

**FRANK A. VICARI, M.D.**


**Martin A. Blumenthal, Esq.**
**One Northfield Plaza**
**Suite 300**
**Northfield, Illinois 60093**
**(847) 441-2687**
**e-mail: marty0015@comcast.net**
**Attorney I.D. # 6180069**


G:\WPF\ANSELMO\VICARDEC.WPD

3

KATHRYN M. HEMENWAY
ATTORNEY AT LAW
2543 S 153RD CIRCLE
OMAHA, NE 68137
Phone: 402 339-4040
Fax:    402 339-9733

November 12, 2007

Attn: Mr. Michael Blumenthal
Phone: 312-371-3566
Fax:    847-705-0105

Mr. Blumenthal,

Per our conversation, your funds of $2,106,300.00 will be wired from the new the M&M Marketing LLC Wells Fargo Bank Account to your Harris Bank Account (Routing No: 071025661; Account No: ███████629) on Monday, November 19, 2007.

Mr. Anselmo had a different Harris Bank account number (Account No: ████313) to wire the money, please confirm the appropriate number so as to avoid any improper transfer.

Thank you.

Sincerely,

Kathryn M. Hemenway
NSBA No:17702

GROUP EX "C"

KATHRYN M. HEMENWAY
ATTORNEY AT LAW
2543 S 153RD CIRCLE
OMAHA, NE 68137
Phone: 402 339-4040
Fax:    402 339-9733

November 13, 2007
**CONFIRMATION OF**
**CORRECTED INFORMATION**

Attn: Mr. Michael Blumenthal
Phone: 312-371-3566
Fax:    847-705-0105

Mr. Blumenthal,

Per our conversation this morning, M & M Mrketing LLC will wire : $2,131,300.00 from its  Wells Fargo Bank Account to your Harris Bank Account  (Routing No: 071025661; Account No: ████629) on Monday, November 19, 2007.

Thank you.

Sincerely,

Kathryn M. Hemenway
NSBA No:17702

KATHRYN M. HEMENWAY
ATTORNEY AT LAW
2543 S 153RD CIRCLE
OMAHA, NE 68137
Phone: 402 339-4040
Fax:    402 339-9733

November 20, 2007

Attn: Mr. Michael Blumenthal
Phone: 312-371-3566
Fax:    847-705-0105

Mr. Blumenthal,

Per our conversation, I have seen the deposit slip showing the funds were deposited into Wells Fargo Bank

Per the Wells Fargo Bank Manager, the funds are being held until Monday, November 26, 2007. The wire department is already in receipt of the wire order and is set to wire the money as soon as it is available on Monday, November 26, 2007.

Thank you.

Sincerely,

Kathryn M. Hemenway
NSBA No. 17702

KATHRYN M. HEMENWAY
ATTORNEY AT LAW
2543 S 153RD CIRCLE
OMAHA, NE 68137
Phone: 402 339-4040
Fax:    402 339-9733

November 26, 2007

Attn: Mr. Michael Blumenthal
Phone: 312-371-3566
Fax:    847-705-0105

Mr. Blumenthal,

Due to Thanksgiving shortening the number of business days last week, I have been
informed that the availability of the money for wiring has been delayed by one day.

We have been trying to get the bank to release the funds and wire today, but in all
probability it will not be available for transfer until tomorrow.

I apologize for the delay.

Thank you.

Sincerely,

Kathryn M. Hemenway
NSBA No:17702





EXHIBIT "D"