## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7230 | **DATE** | 3/5/2008 |
| **CASE TITLE** | Blumenthal vs. Anselmo et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel [29] is denied.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

    Before the Court is plaintiff's motion to compel the production of documents and answers to interrogatories being withheld under a claim of privilege. Plaintiff asks this Court to compel defendant Kathryn Hemenway to provide documents and information in response to four requests he issued to Hemenway. On February 14, 2008, plaintiff sent Hemenway's counsel a letter requesting that Hemenway: (1) identify the banking institution upon which the $12,000,000 check was written; (2) identify the banking institution to which the $12,000,000 check was deposited; (3) identify any and all banking institutions in which M&M Marketing and/or Matthew Anselmo has or had bank accounts; and (4) identify the location and give a description of any and all tangible assets of M&M Marketing and Matthew Anselmo known to you to exist. Hemenway objects on a number of bases.

    Hemenway argues that plaintiff has failed to comply with the Federal Rules of Civil Procedure for enforcement of money judgments. Under Rule 69, a party seeking to enforce a judgment may use federal or state discovery rules to obtain information concerning assets of the debtor. Under Illinois law, 735 ILCS 5/2-1402, the proper procedure is to issue a Citation to Discover Assets. Here, plaintiff did not issue any citation. Instead, he attempted to obtain information about the debtor's assets by issuing written requests to the debtor's former attorney/accountant.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

      Furthermore, Hemenway is a named defendant in this case who filed a Rule 12(b)(2) motion contesting personal jurisdiction.  It is well settled that a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction.  *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.*, 2003 U.S. Dist. LEXIS 10127 (N.D. Ill. 2003)(recognizing that "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'") (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)); *see also, Ellis v. Fortune Seas*, 175 F.R.D. 308, 311 (S.D. Ind. 1997).  However, courts generally do not require parties to proceed with merits discovery while a Rule 12(b)(2) motion is pending.  *See e.g., Bray v. Fresenius Med. Care Aktiengesellschaft, Inc.,* 2007 U.S. Dist. LEXIS 28818 (W.D. Ill. 2007) (holding that the defendant did not need to answer certain discovery requests because they were "beyond the scope of the narrow jurisdictional inquiry before the court").

      Moreover, even if a party has filed a Rule 12(b)(2) motion, that party still may waive its objection to jurisdiction over the person by its conduct during the litigation; for instance, by participating in discovery.  *See e.g., Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir.1993).  In her response brief, Hemenway objects to plaintiff's discovery requests and argues that she is not yet a party subject to discovery because she has filed a Rule 12(b)(2) motion.  This Court agrees and finds that while the Rule 12(b)(2) motion is pending, Hemenway should not be compelled to answer any discovery beyond jurisdictional discovery.

      Based on the foregoing, plaintiff's motion to compel is denied.[1]

---

[1] Because this Court found that the discovery in question is inappropriate while Hemenway's objection to personal jurisdiction is pending, we need not resolve the attorney-client privilege issue at this time.