IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | Court No.: 07 CV 7230 |
| | ) | |
| vs. | ) | |
| | ) | Judge Joan Gottschall |
| MATTHEW H. ANSELMO, | ) | |
| M & M MARKETING, LLC., and | ) | |
| KATHRYN HEMENWAY | ) | Magistrate Michael T. Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KATHRYN HEMENWAY'S
REPLY IN SUPPORT OF HER MOTION TO DISMISS**

Defendant, Kathryn Hemenway ("Hemenway"), by and through her attorneys, Pittacora & Crotty, LLC, submits the following Reply in Support of her Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

In response to the motion to dismiss, Plaintiff argues that sufficient minimum contacts exist between Hemenway and the State of Illinois based on Hemenway's telephone calls and correspondence such that the exercise of personal jurisdiction does not offend due process. (See Doc. 56)   However, Plaintiff has failed to present any evidence to contest Hemenway's position or to show that her actions are not covered by the fiduciary-shield doctrine. Accordingly, Plaintiff's attempt to demonstrate the existence of jurisdiction fails as a matter of law.

I.   **PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE FOR THE EXERCISE OF PERSONAL JURISDICTION OVER HEMENWAY.**

Plaintiff filed this action in federal district court because of diversity jurisdiction; however, the Court cannot resolve the allegations contained in Plaintiff's Complaint without the

existence of personal jurisdiction over Hemenway. As illustrated below, Hemenway does not have the requisite minimum contacts with Illinois and even if she did, she is protected by the fiduciary-shield doctrine; therefore, this Court cannot exercise personal jurisdiction over her.

> **A.     Plaintiff has waived any "general" jurisdictional arguments.**

A federal district court can exercise personal jurisdiction over a defendant in a diversity case, "'only if a court of the state in which it sits [has] such jurisdiction.'" *RAR, Inc.*, 107 F.3d at 1276 *quoting Klump v. Duffus,* 71 F.3d 1368, 1371 (7th Cir. 1995), *cert. denied*, 135 L.Ed.2d 1047 (1996). Generally, three distinct obstacles must be overcome in determining whether the district court has *in personam* jurisdiction over a defendant, including: (1) state statutory law, (2) state constitutional law and (3) federal constitutional law. *RAR, Inc.*, 107 F.3d at 1276. Illinois' long-arm statute authorizes the exercise of personal jurisdiction to the limits of the Illinois and U.S. Constitutions. *See* 735 ILCS 5/2-209(c). As such, the Court is directed to begin its analysis with the test established by the Due Process Clause of the Fourteenth Amendment which asks whether Hemenway, a non-resident defendant, has "certain minimum contacts" with Illinois so that "the maintenance of the suit would not offend 'traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713-16 (7th Cir. 2002) *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). What that standard means in a particular case depends on whether the state asserts "general" or "specific" jurisdiction. *RAR, Inc.*, 107 F.3d at 1277. Specific jurisdiction applies to suits "arising out of or related to the defendant's contacts with the forum [state]." *See id. quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). On the other hand, general jurisdiction applies to suits "neither arising out of nor related to the defendant's contacts, and is

permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *Helicopteros,* 466 U.S. at 416.

Plaintiff fails to allege any facts which establish that Hemenway ever had "continuous and systematic general business contacts" with Illinois. Accordingly, he has waived any general jurisdiction argument, and the focus shifts exclusively to specific jurisdiction. *See RAR, Inc.,* 107 F.3d at 1277, *citing Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660, 663 (7th Cir. 1986)

> B. The exercise of specific personal jurisdiction does not comply with the Illinois long-arm statute, the Illinois Constitution or the Fourteenth Amendment Due Process Clause; therefore, a federal district court sitting in Illinois cannot exercise personal jurisdiction over Hemenway.

In specific jurisdiction cases, the district court must decide "whether Hemenway has 'purposefully established minimum contacts within the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances.'" *See RAR, Inc.,* 107 F.3d at 1277, *quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-77 (1985). The crucial element of the minimum contacts analysis is a showing that the defendant "should reasonably anticipate being haled into court [in the forum State]", (*see Burger King,* 471 U.S. at 474, *quoting World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)) because the defendant has "purposefully availed itself of the privilege of conducting activities there." *Id. quoting Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

Simply put, the exercise of personal jurisdiction over a non-resident defendant in Illinois is proper where it complies with the Illinois long-arm statute, the Illinois Constitution and the Fourteenth Amendment Due Process Clause. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 939 (7th Cir. 2000); *see also RAR,*

107 F.3d at 1276; *Michael J. Neuman & Assocs. v. Florabelle Flowers,* 15 F.3d 721, 724 (7th Cir. 1994).

### 1. Hemenway does not have the requisite minimum contacts with Illinois.

Plaintiff alleges that jurisdiction exists under Sections 2-209(c) of the Illinois long-arm statute by virtue of Hemenway's alleged contact with him via telephone and facsimile. Plaintiff's complaint alleges both promissory estoppel and breach of contract against Hemenway. However, Plaintiff has failed to sufficiently allege in either his complaint or his affidavit that any contract existed between Hemenway and himself. Instead, he admits in his complaint that Hemenway was retained by the Co-Defendants, not plaintiff. His allegations further show that any actions undertaken by Hemenway, including phone calls and correspondence, were done in her capacity as representative for the Co-Defendants. As such, jurisdiction does not lie under any provision of Section 2-209, including the "catch all" provision under subsection (c), where the allegations contained in the Complaint fail to sufficiently state a contractual relationship between Hemenway and the Plaintiff, where they are contradicted by Hemenway's affidavit and where they are wholly unsupported by any affidavits or other materials. Thus, Plaintiff's argument for the exercise of jurisdiction under Illinois' long-arm statute ultimately fails because the evidence clearly demonstrates that Hemenway is a non-resident and conducting business completely outside the forum state.

In breach of contract actions such as what is alleged here, a court may only consider the dealings between the parties with respect to the alleged contract in completing the minimum contacts analysis. *RAR, Inc., supra,* 107 F.3d at 1278. However, there are no allegations that Hemenway has ever "purposefully availed herself of the privilege of conducting activities" here.

On the contrary, the evidence presented clearly shows that Hemenway has never purposefully established any "minimum contacts" within Illinois. Hemenway is an attorney residing in Omaha, Nebraska. (Ex. 1, ¶1). Hemenway is licensed to practice law in Nebraska, and not in Illinois. (Ex. 1, ¶2). Hemenway maintains no offices in Illinois. (Ex. 1, ¶3). She holds no real property situated in Illinois. (Ex. 1, ¶4) She has not made or performed any contract substantially connected with Illinois. (Ex. 1, ¶5) She does not advertise her legal services to Illinois residents and does not provide legal services in any part of Illinois. (Ex. 1, ¶6) She was retained by the Co-Defendants in Nebraska to represent their interests in their dispute with plaintiff. (Ex. 1, ¶7). Hemenway's only contacts with Illinois are the telephone calls with Plaintiff and the correspondence sent by Hemenway to Plaintiff. However, these actions were done and prepared by Hemenway in her capacity as Co-Defendants' representatives. (Ex. 1, ¶ 8). Thus, specific jurisdiction does not exist in this case.

Plaintiff attempts to circumvent these facts by arguing that Hemenway initiated telephone calls to him in Illinois and sent correspondence to him in Illinois. According to Plaintiff, this is enough to satisfy the minimum contacts requirement. Plaintiff attempts to support this argument with *Ores v. Kennedy*, 218 Ill.App.3d 866, 578 N.E.2d 1139 (1st Dist. 1991) and *Rose v. Franchetti*, 713 F.Supp. 1203 (N.D. Ill. 1989) and two affidavits. However, neither the cases nor the affidavits support Plaintiff's position.

*Ores* is distinguishable. In *Ores*, the court found that the long arm statute provided personal jurisdiction over a Texas attorney. *Ores* at 1144. The court supported this finding with the fact that the Texas attorney wrote letters and made calls to individuals in Illinois. However, Plaintiff has neglected to point out that the Texas attorney had an Illinois client. It was this fact that the court relied on when determining that the Texas attorney's action were "purposely

directed at Illinois residents". *Id.* And it was this fact that the court relied on when determining whether there was an economic benefit derived by the Texas attorney. *Id.* at 1145. In fact, the court noted that the Texas attorney's economic benefit came from his client in Illinois. *Id.* That is not the case here.

Hemenway was retained by a Nebraska resident, not an Illinois resident. Any economic benefit she derived occurred in Nebraska and not in Illinois. She did not direct her actions at Illinois residents. Instead her contacts with Illinois were nothing more than fortuitous. Her contacts with Illinois were the result of her representation of a Nebraska resident. She did not solicit any business in Illinois and did not enter into any contract in Illinois.[1]

Likewise, Plaintiff attempts to rely on *Rose* for the proposition that jurisdictional requirements are met by the means of one phone call to Illinois. However, plaintiff's reliance is misplaced. The court in Rose was dealing with the commission of a tort. *Rose*, 713 F.Supp. at 1209. Here, Plaintiff's claims are based in contract and not tort. In addition, the Court in *Rose* noted that if the "alleged wrongdoing is unintentional", then the defendant did not intend to do harm in the forum state. *Id.* at 1211. If the defendant did not intend to affect Illinois interests, then the conduct is not the sort intended to be reached by the long-arm statute. *Id.*

In the case at bar, Hemenway did not commit any tort. She was hired by the Co-Defendants and did nothing more than what they allowed her to do in negotiating a resolution between Plaintiff and the Co-Defendant. (Ex. 1, ¶ 9). She had no control over any bank accounts or alleged wire transfers. (Ex. 1, ¶ 10). Any information given to Plaintiff was the result of the information she received from her clients, including the alleged wire transfer. (Ex.

---

[1] As discussed above, Plaintiff is alleging contract actions. However, Plaintiff has failed to submit sufficient evidence of any contractual relationship between Plaintiff and Hemenway.

1, ¶ 11). Plaintiff has not and cannot present any evidence that Hemenway's acts were intentional.

Similarly, the affidavits of Plaintiff and Dr. Vicari do not present any evidence to contest Hemenway's motion. Instead, the affidavits are filled with legal conclusions and repetition of allegations contained in his Complaint. In addition, Dr. Vicari's affidavit merely repeats the conclusions contained in Plaintiff's affidavit. In fact, Dr. Vicari appears to base his assertions on correspondence and telephone calls that occurred between November 9, 2007 and November 30, 2007. (Doc. 56-2 pg. 5, ¶10). However, none of the calls or letters attached as Exhibit C & D by Plaintiff involved Dr. Vicari. Instead, they were between Plaintiff and Hemenway as a result of her representation of the Co-Defendants. Plaintiff's affidavits and attachments actually support Hemenway's position and refute that of the Plaintiff.

Neither plaintiff's complaint, nor any of his alleged evidence presented in response to Hemenway's Motion to Dismiss contest Hemenway's position. The only evidence before this court is that Hemenway, a non-resident, made fortuitous contacts with Illinois in her role as representative for the Co-Defendants. To allow Hemenway to be sued in a state where she has directed no activity and derived no benefit would certainly offend traditional notions of fair play and substantial justice. Because Plaintiff has not and cannot demonstrate that Hemenway purposefully availed herself of the laws of Illinois, personal jurisdiction is not appropriate under the Illinois long-arm statute as it would violate the Due Process Clause of the Fourteenth Amendment. Hence, the Court cannot exercise personal jurisdiction in this case, and Plaintiff's Complaint must be dismissed.

### 2. Even if Hemenway had sufficient minimum contacts, there is no specific jurisdiction under the fiduciary-shield doctrine.

As noted above, Hemenway was contacted by the Co-Defendants and subsequently hired by them to represent and assist them in their dispute with plaintiff. During this representation, she took part in telephone calls with Plaintiff, here in Illinois and prepared correspondence that was subsequently sent to Plaintiff, here in Illinois. However, all of these actions were done in her role as the Co-Defendants' representative or employee.

In *Rollins v. Ellwood,* the Illinois Supreme Court limited the contacts that could be considered toward establishing personal jurisdiction over the person. There the court held that asserting personal jurisdiction over a defendant on the basis of acts he took not on his own behalf but on behalf of his employer or principal violated due process guarantees contained in Article I, Section 2 of the Illinois Constitution. *Rollins*, 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1318 (Ill. 1990). This is known as the fiduciary shield doctrine. In *Rollins,* a police officer of the Baltimore, Maryland police department had traveled to Illinois to take custody of a detainee for whom there was an outstanding warrant in Maryland. *Id.* at 1305. While in Illinois, the police officer allegedly committed a tortious act on the detainee, and the detainee sued in an Illinois court. *Id.* at 1305-06. The Illinois Supreme Court concluded that under the fiduciary shield doctrine, the Illinois constitution did not permit Illinois courts to exercise personal jurisdiction over the police officer because the acts he committed in connection with Illinois were not to serve his own personal interest but to serve those of his employer or principal. *Id.* at 1318. The court went further to state that where an individual defendant's conduct in Illinois is a product of and is motivated by his "employment situation and not his personal interests it would be unfair to use this conduct to assert personal jurisdiction over him as an individual." *Id.* at

1314. This doctrine has been recognized in both Illinois state and federal court.[2] See *Clark Prods. Inc. v. Rymal*, 2002 WL 31572569 (N.D. Ill. Nov. 19, 2002) (The fiduciary shield doctrine denies jurisdiction over an individual whose presence and activity in Illinois were solely on behalf of his employer or other principal).

Plaintiff attempts to circumvent this doctrine by arguing that Hemenway's actions were for her own personal interests, namely the fees she was paid by Co-Defendants. However, Plaintiff provides no factual support for his conclusory assertions. Furthermore, there is no evidence that Hemenway had any personal interest in her contacts with Plaintiff. In fact, Plaintiff's Complaint admits that Hemenway represented the Co-Defendants and he has failed to provide any evidence to the contrary. Therefore, because the fiduciary shield doctrine would cause an Illinois court to decline to exercise personal jurisdiction over Hemenway, there is no personal jurisdiction and Hemenway's motion should be granted.

## II.   VENUE IS IMPROPER UNDER 28 U.S.C. §1391

Alternatively, pursuant to 28 U.S.C. § 1391 venue is improper. Section 1391 states in pertinent part:

> A civil action may be commenced: A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all the defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
> 28 U.S.C. §1391(a)

---

[2] It should also be noted that the fiduciary-shield doctrine requires suit against the fiduciary to proceed in the home state of the fiduciary. See *ISI International Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548 (7th Cir. 2001); *Hardin Roller Corp. v. Universal Printing Machinery, Inc.*, 236 f.3d 839 (7th Cir. 2001); *In re Mahurrkar Double Lumen Hemodialysis Catheter Patent Litigation*, 750 F.Supp. 330 (N.D. Ill. 1990)

As shown above, Hemenway is a resident of Nebraska and not subject to the personal jurisdiction of this court. As such, venue is not proper and the court has the authority under 28 U.S.C. § 1406 to transfer this matter to the appropriate venue, specifically the United States District Court for the State of Nebraska.

## CONCLUSION

WHEREFORE, for the reasons set forth in the Motion to Dismiss and above, Hemenway respectfully requests this Court enter an order dismissing Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, for transfer of venue to the United States District Court for the State of Nebraska pursuant to 28 U.S.C. §1391, for attorneys' fees and costs connected with the filing and presentment of this motion, and for any other relief that this Court deems equitable and just.

Respectfully submitted,

KATHRYN HEMENWAY

By: /s/ James R. Pittacora
One of her Attorneys

James R. Pittacora
PITTACORA & CROTTY, LLC
1928 West Fulton, Suite 201
Chicago, Illinois 60612
(312) 506-2000
(312) 506-2005 – Facsimile