IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. BLUMENTHAL,    ) | |
| ) | |
| Plaintiff,    ) | **Court No.   07 C  7230** |
| vs.    ) | |
| ) | |
| MATTHEW H. ANSELMO,    ) | **Judge Joan B. Gottschall** |
| M & M MARKETING, L.L.C., and KATHRYN    ) | |
| HEMENWAY    ) | |
| ) | **Magistrate Michael T. Mason** |
| Defendants.    ) | |

**PLAINTIFF'S MOTION FOR THE ISSUANCE OF A RULE TO SHOW CAUSE AGAINST DEFENDANTS MATTHEW A. ANSELMO and M&M MARKETING, L.L.C., FOR A TURNOVER ORDER AND ORDER FOR BODY ATTACHMENT**

Now comes the plaintiff, MICHAEL L. BLUMENTHAL, and moves this Honorable Court for the entry of an order for a rule to show cause why Defendants, Anselmo and M&M Marketing, L.L.C., should not be held in contempt of Court for their continuing refusals to appear and answer the Citations to Discover Assets previously served upon them, for an order for a Body Attachment to issue to insure their future appearance and for a turnover order requiring them to turnover certain assets that have been uncovered. In support of this motion, Plaintiff respectfully states as follows:

1.   On April 8, 2008, Plaintiff prepared and had stamped by the Clerk of Court a Citation to Discover Assets directed to Matthew A. Anselmo and M&M Marketing, L.L.C.. The Citation was served upon Matthew H. Anselmo on April 12, 2008 by Silverhawk Investigations. The Citation required Defendants to appear and answer questions on April 17, 2008. A copy of said Citation and the proof of service are attached hereto and made a part hereof and marked Group Exhibit "A".

2.      On April 17, 2008 Plaintiff received a telephone call from Defendant Anselmo stating that he was unable to attend the Citation and that he had so informed Ms. Liz Pendleton. According to Mr. Anselmo, Ms. Pendleton answered the telephone in the Chambers of this Honorable Court and spoke with Mr. Anselmo concerning the Citation. Mr. Anselmo went on to state that he was told by Ms. Pendleton that he could ask for a continuance. After further discussions, negotiations and promises of immediate payment by Defendant, it was agreed that the Citation would be continued to Tuesday April 22, 2008 at 9:30am.

3.      On April 21, 2008 Plaintiff contacted Defendant Anselmo to confirm his presence at the Citation the next morning and was told that he would be in Chicago as agreed to answer the Citation.

4.      On the Morning of April 22, 2008, Plaintiff received a telephone call from Defendant Anselmo at approximately 8:00am advising that he was not in Chicago and would not be responding to the Citation to Discover Assets as required. He further stated that he had discussed the matter with Ms. Pendleton who allegedly told him, among other things, that he need only file an appearance to avoid having to appear to answer the Citation. Plaintiff made a quick telephone call to Ms. Pendleton to confirm what plaintiff already knew, that no such statements were made by her, which she confirmed, and was further informed by her that she had not even spoken to Mr. Anselmo that morning, or the day before.

5.      During Plaintiff's brief conversation with Ms. Pendleton, Plaintiff was told that she had strongly encouraged Defendants to file their appearance in the case. Plaintiff sent a text message to Defendant Anselmo asking him to forward a copy of any filings he had made with the court and then followed that text message up with several

telephone calls. Ultimately Plaintiff received by fax the attached form from Defendant which is entitled "APPEARANCE FORM FOR PRO SE LITIGANTS DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS." A copy of which is attached hereto and made a part hereof and marked Exhibit "B". To date there is no record of the Clerk of the Court having received this document from Defendant.

6. Defendants were lawfully and properly served with the Citation to Discover Assets and willfully refused to appear and answer Plaintiff's questions on at least two occasions. Therefore, it is respectfully submitted that Defendants be held to answer for their contumacious behavior by this Honorable Court.

7. Since obtaining the judgment Plaintiff has diligently attempted to track and trace Defendants' assets. During the course of this effort it has come to Plaintiff's attention that Defendants Anselmo and M&M Marketing have formed a new corporation entitled Premier Fighter, L.L.C.. A copy of the Articles of Incorporation and printout from the Official Nebraska Government Website are attached hereto and made a part hereof and marked Group Exhibit "C". Defendants now operate from the business address of Premier Fighter and are using a new e-mail address of this new company as written by Defendant Anselmo on Exhibit "B".

8. Upon learning of this new endeavor and being confronted with the facts of Plaintiff's knowledge thereof, Defendant admitted to Plaintiff that the moneys loaned to Defendant were invested in starting up this new enterprise and that Plaintiff's funds were used to pay for setting up the new company, developing the product line, website, hiring a Sales Agency named Tapout, L.L.C. to introduce the company to resellers for a percentage of the sales derived therefrom, to pay for sponsorships of fighters in the UFC in an effort to build a brand name for Premier Fighter, advertising of the new

clothing line manufactured and distributed by Defendants under the name Premier Fighter and to fund the purchase and manufacture of its products. This new business was formed in an effort to hide Defendants actions from Plaintiff, to avoid having the new business venture being tied into and caught up in Plaintiff's suit and resultant judgment and to avoid having to pay the judgment entered by this Court.  Defendants have received and continue to receive and disburse funds through this company, which is solely owned by Defendant M&M Marketing, L.L.C.. Defendants continue to do business through this entity and are currently awaiting receipt of a substantial payment from Champs Sports, a division of Foot Locker, Inc. sometime within the next 10 days for an order that was filled by Premier Fighter on or about April 17, 2008 and delivered to Champs Sports on terms of net 15 days.

    9.    Plaintiff requests that this Honorable Court enter an order requiring the Defendants and/or Champs Sports to pay any sums received or to be received by Premier Fighter, L.L.C. from Champs Sports or Foot Locker, Inc. to Plaintiff directly and for a further order requiring that all future funds received or to be received by Premier Fighter be paid directly to Plaintiff until such time as Plaintiff's judgment has been fully satisfied, and/or for an order requiring Defendants to turnover ownership and control of Premier Fighter, L.L.C. as the unjust retention of Plaintiff's property thereby allowing Plaintiff to sell the company in an effort to obtain partial satisfaction of his outstanding judgment.

    10.    Plaintiff also requests leave to send out writs of garnishment to the other companies who Plaintiff has learned placed orders with Premier Fighter, L.L.C. a wholly owned subsidiary of Defendant M&M Marketing, L.L.C.. These companies include, but are not necessarily limited to, Hibbett's, Anchor Blue, Macy's, Dillard's,

East Bay and Pax Sun.

11. Defendants continuing actions ignoring the valid orders, procedures and rules of this Court, warrants severe and swift action by this court in order to prevent further disrepute to the reputation and orders of the Court and to prevent the Defendant from further dissipating Plaintiff's rightful property.

**WHEREFORE**, the Plaintiff, MICHAEL L. BLUMENTHAL, prays this Honorable Court enter an Order for a Rule to Show Cause why Defendants should not be held in Contempt of Court for violating the terms and requirements of the Citation to Discover Assets, for a turnover Order requiring Defendants and/or Champs Sports to deliver to Plaintiff the moneys paid or to be paid Premier Fighter, L.L.C. and for an accounting of those funds by Plaintiff or Defendants as the case may be, for writs of garnishment to issue to the customers of Premier Fighter, L.L.C. and for the entry of an order requiring the U.S. Marshall's Office to take Defendant Matthew H. Anselmo into custody and bring him before this Court to answer for his contumacious behavior, and for such other and further relief as this court deems fair and just.

Respectfully submitted,

**MICHAEL L. BLUMENTHAL, Plaintiff**

By:　/s/　Michael L. Blumenthal

**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street  - Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**email: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**