## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7230 | **DATE** | 4/30/2008 |
| **CASE TITLE** | Blumenthal vs. Anselmo et al. | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 4/30/08. Plaintiff's motion for the issuance of a rule to show cause against defendants Matthew A. Anselmo and M&M Marketing, LLC, for a turnover order and order for body attachment is granted in part and denied in part. Show cause hearing set for 5/14/08 at 9:00 a.m. in courtroom 2214.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:05

## STATEMENT

     Plaintiff's motion for the issuance of a rule to show cause against defendants Matthew A. Anselmo and M&M Marketing, LLC is granted. Show cause hearing set for 5/14/08 at 9:00 a.m. in courtroom 2214. Mr. Anselmo must appear in court on 5/14/08 to explain why he should not be held in contempt of court for failing to appear for plaintiff's citation to discover assets on 4/22/08. If Mr. Anselmo fails to appear in court on 5/14/08, this Court will issue a bench warrant for his arrest. However, if Mr. Anselmo agrees to appear and does in fact appear for the citation to discover assets prior to 5/14/08, this Court will discharge the rule to show cause and Mr. Anselmo will not need to appear on 5/14/08. The parties are strongly encouraged to set a new date before 5/14/08 to proceed with the citation to discover assets. If the parties proceed with the citation to discover assets prior to 5/14/08, they should inform the court immediately.

     With respect to plaintiff's motion for a turnover order, the motion is premature because assets have yet to be "discovered" pursuant to a citation to discover assets. According to the Illinois statute that governs these post-judgment proceedings, 735 ILCS 5/2-1402(c), the assets have to be discovered before this Court can grant any motion for turnover. Furthermore, plaintiff has not given this Court enough information to grant the motion. Plaintiff did not provide the Court with any evidence (other than unsupported statements in his motion) that Mr. Anselmo or M&M Marketing, LLC used funds loaned by plaintiff to start Premier Fighter, LLC. At the very least, plaintiff should have submitted an affidavit in support of his statements in this regard. Additionally, plaintiff has failed to demonstrate that the defendants' have possession of, or a right to funds from Champs Sports and/or Foot Locker that is not substantially disputed. Plaintiff must do so if he expects this Court to grant a motion for turnover pursuant to 735 ILCS 5/2-1402(c).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

      Next, this Court will not allow plaintiff to send out writs of garnishment to the other companies listed in his motion before the parties proceed with the citation to discover assets. Again, plaintiff did not provide this Court with any evidence that defendants have possession of, or a right to assets from any of these companies. Accordingly, plaintiff's motion is denied to the extent that he seeks a turnover order, leave to issue writs of garnishment or a body attachment.

      Finally, plaintiff's oral request to extend the preliminary injunction to Premier Fighter, LLC is denied. If plaintiff believes that Mr. Anselmo or M&M Marketing, LLC are violating the injunction by operating Premier Fighter, LLC, plaintiff should file either a motion for contempt or a motion for preliminary injunction against Premier Fighter, LLC. The fact that M&M Marketing, LLC is the only shareholder of Premier Fighter, LLC is not enough. Plaintiff failed to provide this Court with any evidence (other than unsupported statements in open court) that Premier Fighter, LLC is transferring funds outside of the United States.