IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | **Court No.   07 C  7230** |
| vs. | ) | |
| | ) | |
| MATTHEW H. ANSELMO, | ) | **Judge Joan B. Gottschall** |
| M & M MARKETING, L.L.C., and KATHRYN | ) | |
| HEMENWAY | ) | |
| | ) | **Magistrate Michael T. Mason** |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR A TURNOVER ORDER, THE ISSUANCE OF WRITS OF GARNISHMENT AGAINST TAPOUT, INC., CHAMPS SPORTS, INC. AND VARIOUS OTHER ENTITIES, FOR A RULE TO SHOW CAUSE FOR DEFENDANTS' FAILURE TO APPEAR AND ANSWER  THE CITATION TO DISCOVER ASSETS AND FOR AN ORDER OF CONTEMPT FOR VIOLATIONS OF THE PRELIMINARY INJUNCTION**

Now comes the plaintiff, MICHAEL L. BLUMENTHAL, and moves this Honorable Court for the entry of a turnover and an order allowing Plaintiff to issue writs of garnishment upon Tapout, L.L.C., Champs Sports, Inc. and various other entities. In support of this motion, Plaintiff respectfully states as follows:

1. On March 10, 2008, Plaintiff and Mr. David Piell paid a surprise visit to Defendant Anselmo in Omaha, Nebraska.  Plaintiff and Mr. Piell located the Defendant in the new offices of Premier Fighter, L.L.C.. These were not the offices previously occupied by Defendant, M&M Marketing, but were new offices occupied at the time Defendants started Premier Fighter, L.L.C.. Premier Fighter was formed January 28, 2008 and moved from Defendant M&M Marketing's prior location a few weeks before we arrived.

2.     Upon seeing the Plaintiff and Mr. Piell, Defendant Anselmo initially responded in a belligerent and intimidating fashion, but he quickly changed his attitude into one of conciliation and reconciliation. Defendant Anselmo invited the Plaintiff and Mr. Piell to accompany him from the premises to a more private location away from his employees where the parties could talk. Plaintiff and Mr. Piell agreed and everyone traveled together to a local restaurant to discuss matters.

3.     At this meeting the Defendant admitted setting up Premier Fighter, L.L.C. as a new company, using Plaintiff and Dr. Vicari's monies. He further admitted doing this in an effort to avoid the effects of the lawsuit, injunction and judgment filed and obtained by Plaintiff. Defendant Anselmo then produced a copy of an agreement purportedly entered into by Premier Fighter, L.L.C., Anselmo and M&M Marketing, L.L.C. with a California company called Tapout, L.L.C.. (*See* Exhibit "A"). The contract purported to be a distribution agreement for Premier Fighter's products. Defendant Anselmo went on to explain the relationship between Tapout L.L.C. and Premier Fighter, and he disclosed the names of the various companies that had placed or were in the process of placing orders with Premier Fighter. Defendant Anselmo explained that Premier Fighter, L.L.C. designed and had manufactured for it, in factories located in the Far East, clothing developed for the Ultimate Fighting Championship ("UFC") fans. When questioned about this Defendant Anselmo admitted that this meant he was required to, and had, sent money outside the United States to pay his suppliers located in the Far East. He explained that he had used much of Plaintiff's and Dr. Vicari's money to set up the new company, develop the product line, design a website, hire a sales agency (Tapout, L.L.C.) to introduce the company to resellers for a percentage of the sales derived therefrom), to pay for sponsorships of fighters in the UFC in an effort

to build a brand name for Premier Fighter, advertising of the new clothing line manufactured and distributed by Defendants under the name Premier Fighter and to fund the purchase and manufacture of its products. By the end of the conversations with Plaintiff and Mr. Piell that day, Mr. Anselmo had agreed to borrow sufficient funds using the equity or borrowing power he had in Premier Fighter, or to sell a portion of his interest in Premier Fighter, sufficient to repay Plaintiff and Dr. Vicari, if given some additional time. Based on the representations of Mr. Anselmo and after discussing the offer with Dr. Vicari, Plaintiff agreed to give Mr. Anselmo an additional 3 weeks to repay conditioned on his turning over copies of all the books and records of Premier Fighter and M&M Marketing from May 2007 to present and providing certain additional information to Plaintiff. Mr Anselmo said he would need to speak with his local attorney and Plaintiff agreed to allow him to do so. That evening Plaintiff spoke again with Defendant, who had reportedly discussed the issues with his attorney and agreed to the terms offered by Plaintiff. Based on this agreement Plaintiff and Mr. Piell returned to Chicago.

     4.     On April 8, 2008, having received nothing of substance from Defendant, Plaintiff prepared and had stamped by the Clerk of this Honorable Court a Citation to Discover Assets directed to Matthew A. Anselmo and M&M Marketing, L.L.C.. The Citation was served upon Matthew H. Anselmo on April 12, 2008 by Silverhawk Investigations. The Citation required Defendants to appear and answer questions on April 17, 2008. A copy of said Citation and the proof of service are attached as Group Exhibit "B".

     5.     Later that same day Plaintiff received a fax from Defendant Anselmo which purported to be a copy of the agreement entered into by Premier Fighter, L.L.C.

and Tapout, L.L.C.. The agreement, signed by Defendants Anselmo and M&M Marketing, L.L.C., states in pertinent parts:

> "**WHEREAS,** PFL (PREMIER FIGHTER, L.L.C. creates, distributes, sells and promotes MMA-related (M&M Marketing, L.L.C.) Products and services ("Category"), that are and will be branded with PFL's now and hereafter existing names, logos and/or marks (Company's Products"), regardless of the brand name(s) under which they are sold, and is the sole successor in interest of all of the assets and business of M&M Marketing, LLC with respect to its heretofore business pursuits in the Category: and...
>
> **"Founders"** means M&M Marketing, L.L.C., which is the sole member and holder of any equity security of PFL as of the date hereof, and Matthew H. Anselmo, who is the sole member and holder of any equity security of M&M Marketing, L.L.C. as of the date hereof."

(*See* Ex. "A" pg. 1)

This language is consistent with the oral representations Defendant Anselmo made to Plaintiff and Mr. David Piell on March 10, 2008 and is further corroborated by the official records maintained by the Secretary of State-Corporations Division of the State of Nebraska. (*See* Exhibit "C").

      6.      The next day, April 9, 2008, Plaintiff received two e-mails from Defendant Anselmo. The first one had attached to it what were represented to be multiple purchase orders from Champs Sports to Premier Fighter, L.L.C. for product they wished to purchase. The second e-mail contained spreadsheets prepared by Defendant which set forth the information contained in the original e-mail in a more reader friendly format. *(See* Exhibits "D" and "E").

      7.      Defendant Anselmo sent this information to Plaintiff in an effort to prove that funds were forthcoming as he previously had represented. He reiterated this fact on April 30, 2008 during our hearing in open Court, to wit: that he would use the Champs Sports funds to begin repaying Plaintiff. Defendant went on to provide

Plaintiff with a list of other companies which had placed orders with Premier Fighter and promised to use those funds to repay Plaintiff and Dr. Vicari as well. The list of those additional companies was:

> a) Hibbett's
> b) Anchor Blue
> c) Macy's
> d) Dillard's
> e) East Bay and
> f) Pax Sun.

Defendant then promised to send copies of the purchase orders and spreadsheets for each of those companies to Plaintiff. To date those additional documents have not been received although they have been requested on more than one occasion.

8. As previously set forth in Plaintiff's motion of April 30, 2008, on April 17, 2008 Plaintiff received a telephone call from Defendant Anselmo stating that he was unable to attend the Citation examination set for that morning and that he had so informed Ms. Liz Pendleton. According to Mr. Anselmo, Ms. Pendleton answered the telephone for the Chambers of this Honorable Court and spoke with Mr. Anselmo concerning the Citation proceeding. Mr. Anselmo went on to state that he was told by Ms. Pendleton that he could ask for a continuance. After further discussions, negotiations and promises of immediate payment by Defendant, it was agreed that the Citation would be continued to Tuesday April 22, 2008 at 9:30 am.

9. On April 21, 2008 Plaintiff contacted Defendant Anselmo to confirm his presence at the Citation proceeding rescheduled for the following morning and was told that by Defendant that he would be in Chicago as agreed to answer the Citation.

10. On the Morning of April 22, 2008, Plaintiff received a telephone call from Defendant Anselmo at approximately 8:00 am advising that he was not in Chicago and would not be responding to the Citation to Discover Assets as required. He further

stated that he had discussed the matter with Ms. Pendleton who allegedly told him, among other things, that he need only file an appearance to avoid having to appear to answer the Citation. Plaintiff made a quick telephone call to Ms. Pendleton to confirm what plaintiff already knew (i.e. that no such statements were made by her), which she confirmed, and was further informed by her that she had not even spoken to Mr. Anselmo that morning, or the day before.

11.     During Plaintiff's brief conversation with Ms. Pendleton, Plaintiff was told that she had strongly encouraged Defendants to file their appearance in the case when they had spoken the week before. Plaintiff sent a text message to Defendant Anselmo asking him to forward a copy of any filings he had made with the court and then followed that text message up with several telephone calls. Ultimately Plaintiff received by fax the attached form from Defendant which is entitled "APPEARANCE FORM FOR PRO SE LITIGANTS DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS." (*See* Exhibit "F")

12.     Approximately one hour later Plaintiff received the following e-mail from Defendant:

> "I did not see myself on the court calender for today in Judge Masons room or Judge Gottschall. I also informed you that today I would have access to funds to continue to complete your request for repayment. This will happen today. I also submitted documentation to the court as Pro Se Litigant as you advised me to do on Friday. I will update you as far as payment goes.
>
> Matthew Anselmo
> President Premier Fighter
> www.PremierFighter.com
> 8208 S. 109th Street
> Lavista NE 68128
> 1-888-51-FIGHT"

(*See* Exhibit "G").  This Honorable Court should also note that the e-mail says nothing about needing more time to gather documents to answer the Citation as Mr. Anselmo

6

represented in Court On April 30, 2008, only another false promise that payment was imminent.

13. It is clear from the information attached hereto, that Defendants have set up a new company, solely and wholly owned by them called Premier Fighter, L.L.C.. The purpose of doing this was clearly an attempt to avoid the effects of Plaintiff's suit, injunction and judgment. The Defendants have used this company to evade the effect of the provisions of the Preliminary Injunction, which otherwise would have restricted their ability to send money overseas to purchase supplies and materials in furtherance of the business of Premier Fighter.

14. Based on the foregoing, Plaintiff is once again respectfully requesting that this Honorable Court enter an order requiring the Defendants and/or Champs Sports to pay any sums received or to be received by Premier Fighter, L.L.C. from Champs Sports (or Foot Locker, Inc., it's parent corporation), to Plaintiff directly and for a further order requiring that all future funds received or to be received by Premier Fighter be paid directly to Plaintiff until such time as Plaintiff's judgment has been fully satisfied, and/or for an order requiring Defendants to turnover ownership and control of Premier Fighter, L.L.C. as the unjust retention of Plaintiff's property thereby allowing Plaintiff to sell the company in an effort to obtain partial satisfaction of his outstanding judgment.

15. Plaintiff also requests leave to send out writs of garnishment to Champs Sports, Tapout, L.L.C. and the other companies which Plaintiff has learned placed orders with Premier Fighter, L.L.C.. These companies include, but are not necessarily limited to, Hibbett's, Anchor Blue, Macy's, Dillard's, East Bay and Pax Sun.

16. At the April 30, 2008 motion hearing, Defendant Anselmo appeared telephonically and claimed that he needed more time to appear and answer the Citation to Discover Assets. This Court generously gave Defendants an additional 14 days

within which to appear. After returning to his office Plaintiff contacted Defendant to coordinate a mutually convenient time for the Citation. It was clear from the conversation that Defendants could not appear the remainder of the week so, Plaintiff offered 3 different dates for this purpose during the next week. The dates offered were Monday the 5th, Wednesday the 7th and Thursday the 8th. After much discussion Defendant finally agreed to appear on Thursday May 8th at 9:30 am. Defendant Anselmo called to say he would arrive in Chicago on the 7th of May with a partial payment or the information required. On the evening of the May 7, 2008 Defendant Anselmo called to say he did not get on the flight he thought he would and he would arrive at O'Hare Airport at 9:30 am Thursday morning May 8, 2008 and he asked if his appearance could be pushed back to 11:00 am. Plaintiff agreed to do this. On the Morning of May 8th Defendant Anselmo called again to say he did not get a ticket for the early flight but would arrive at 12:30 pm and could his appearance be pushed back to later in the day. Plaintiff was left with no choice so it was agreed. At approximately 1:00 pm Defendant telephoned Plaintiff and said he was on his way downtown from O'Hare Airport. Approximately 1 hour later Defendant Anselmo called again to say he was no longer coming downtown but was instead on the 294 Tollway headed North coming up to Lake Cook Road on his way to Rockford, IL to visit his Mother whom, he claimed, had just had a heart attack. Defendant promised to deliver or have delivered Plaintiff's partial payment as a sign of his good faith later that night. Needless to say the Defendants failed to appear on the Citation or call to reschedule their appearance, nor has Plaintiff received any monies although Defendant Anselmo has continually promised that the check was being delivered by one person or another over the last 40 hours. Plaintiff even volunteered to pick up the check at the Hospital but Defendant refused to allow this to happen.

17.     Defendants continue to ignore the valid orders, procedures and rules of this Court. Their conduct warrants severe and swift action in order to prevent further disrepute to fall on this Honorable Court and its orders and to prevent the Defendants from further dissipating Plaintiff's rightful property.

**WHEREFORE**, the Plaintiff, MICHAEL L. BLUMENTHAL, prays this Honorable Court enter an Order requiring Defendants to turnover ownership and control of Premier Fighter, L.L.C. for an order requiring Defendants to turnover all monies received or to be received by Premier Fighter, L.L.C. from any source whatsoever including, but not limited to, Champs Sports to Plaintiff and for an accounting of all funds received by Premier Fighter, L.L.C. or by Defendants as the case may be, and for writs of garnishment to issue to the customers of Premier Fighter, L.L.C., for the entry of a Rule to Show Cause for Defendants failure to appear on the Citation to Discover Assets and for an order of contempt for the violations of the preliminary injunction and for such other and further relief as this court deems fair and just.

Respectfully submitted,

**MICHAEL L. BLUMENTHAL, Plaintiff**


By:   /s/   Michael L. Blumenthal

**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street  - Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**email: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**