**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | **Court No.   07 C  7230** |
| vs. | ) | |
| | ) | |
| MATTHEW H. ANSELMO, | ) | **Judge Joan B. Gottschall** |
| M & M MARKETING, L.L.C., and KATHRYN | ) | |
| HEMENWAY | ) | |
| | ) | **Magistrate Michael T. Mason** |
| Defendants. | ) | |

**<u>DECLARATION OF DAVID PIELL</u>**

**I, DAVID PIELL**, being first duly sworn on oath, deposes and states as follows:

Pursuant to 28 U.S.C. § 1746, the undersigned David Piell declares:

1.      That I am an adult, of legal age and if called upon to testify could competently testify to the following based upon my personal knowledge, obtained through direct dialogue and communications with Defendant Matthew Anselmo.

2.      That your Declarant traveled with the Plaintiff Michael Blumenthal to Omaha, NE.  On March 10th and 11th , 2008 Plaintiff and I met with Defendant Anselmo.  That during the meetings which took place on those days, Defendant Anselmo told Plaintiff and myself, that:

a) He used Plaintiff's and Dr. Vicari's funds to start Premier Fighter, L.L.C.

b) Premier Fighter, L.L.C. is wholly owned by M&M Marketing, L.L.C which Company is wholly owned by Defendant Anselmo.

c) Premier Fighter, L.L.C. designs and has manufactured items of clothing for the Ultimate Fighting Championship fans. These items are manufactured in the Far East and shipped to the United States for resale. Premier Fighter paid for these items by causing money to be sent outside the Continental United States to their suppliers

1

in the Far East.

d) Plaintiff and Dr. Vicari's funds were used, among other things, to startup Premier Fighter, develop the product line, set up and design a website **www.premierfighter.com,** sponsor fighters in the UFC to promote the product line of Premier Fighter, advertising for the new company, and hiring a sales agent (Tapout, LLC).

e) Premier Fighter, L.L.C. was started to evade the effects of the instant litigation.

f) He had orders for products of Premier Fighter from various sporting goods stores or departments, including but not limited to, Champs Sports, Hibbett's, Anchor Blue, Macy's, Dillard's, East Bay and Pax Sun.

g) The orders from Champs Sports were in the process of being manufactured with and expected delivery date of April 17, 2008 on terms which would have payment to Premier Fighter within 15 days of delivery, or May 2, 2008.

h) Defendants Anselmo and M&M Marketing entered into an agreement with Tapout, L.L.C.. Defendant Anselmo showed Plaintiff and myself the document. I was asked to read the document by Plaintiff. I was given an opportunity to read a portion of the document. Th portion I read contained language which clearly stated that Premier Fighter was wholly owned by the Defendants and was the successor company to Defendant M&M Marketing, L.L.C..

3.      I heard Defendant Anselmo promise to try to pay Plaintiff, by either borrowing money or selling a portion of his interest in Premier Fighter. At which point the Defendant left the meeting to meet with a potential investor.  Before leaving Defendant also promised to send Plaintiff documentation regarding Premier Fighter's various contracts and orders and an accounting of funds.

4.      Before Plaintiff and I left Omaha, Nebraska, Defendant Anselmo promised to make good on his agreement with Plaintiff before April 1, 2008.

5.      **FURTHER DECLARANT SAYETH NOT.**

2

**DAVID PIELL**

4