## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7230 | **DATE** | 5/14/2008 |
| **CASE TITLE** | Blumenthal vs. Anselmo et al. | | |

**DOCKET ENTRY TEXT**

Show cause hearing held on 5/14/08. Defendant Matthew Anselmo failed to appear. Anselmo is found to be in contempt for failure to appear and answer plaintiff's citation to discover assets. Body attachment issued for the arrest of defendant Matthew Anselmo. The warrant may be quashed when Anselmo appears and answers plaintiff's citation to discover assets. In order for the warrant to be quashed, Anselmo must produce the documents requested and otherwise fully comply with plaintiff's citation to discover assets. As stated on the record and more further below, plaintiff's motion [80] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:10

## STATEMENT

     Motion hearing held on plaintiff's motion for a turnover order, the issuance of writs of garnishment, for a rule to show cause for defendants' failure to appear and answer the citation to discover assets and for an order of contempt for violations of the preliminary injunction. To the extent that plaintiff's current motion seeks another rule to show cause for defendants' failure to appear and answer the citation to discover assets, that part of the motion is denied. This Court already issued a rule to show cause and today's show cause hearing was meant to address that. There is no need for an additional show cause hearing on this issue.

     To the extent that plaintiff's current motion seeks a turnover order and the issuance of writs of garnishment, the motion is denied for the same reasons set forth in this Court's 4/30/08 Order. Again, plaintiff's current motion for a turnover order is premature because the assets in question have not been "discovered" through a citation to discover assets. 735 ILCS 5/2-1402(c). Furthermore, once again, plaintiff did not provide this Court with evidence that defendants have possession of, or a right to funds from Champs or any other entity. Prior to the hearing, plaintiff did not provide the Court with purchase orders from Champs or any other evidence demonstrating how much Champs owes Premier Fighter, LLC (the company which is wholly owned by defendant M&M Marketing, LLC).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**STATEMENT (CONT.)**

Plaintiff's request for a turnover order is also flawed because it does not set forth a specific dollar amount that each entity owes to the judgment debtors. First of all, plaintiff must present evidence that defendants have possession of, or a right to funds from each entity plaintiff wants included in the turnover order. This Court needs documents that demonstrate that these entities owe money to the defendants and/or Premier Fighter. Plaintiff submitted an affidavit stating that Anselmo told him that these entities had placed orders with Premier Fighter. However, that is not enough. Plaintiff needs to provide the Court with documents to support these claims because Anselmo clearly has lied in the past and we cannot count on his representation that these entities have placed orders with Premier.

Second, plaintiff needs to set forth the specific dollar amount that each entity owes the defendants or Premier Fighter before this Court can issue a turnover order. He must provide evidence to support the amount that each entity owes. That is why the appropriate way to handle these post-judgment proceedings is to go forward with citations to discover assets before seeking a turnover order. *See* 735 ILCS 5/2-1402(c). Not only does plaintiff need to proceed with the citation he issued to the defendants but plaintiff should also issue a citation to discover assets to each entity who plaintiff believes owes money to the defendants. That way, plaintiff should be able to: (1) obtain evidence demonstrating that the defendants have possession of, or a right to funds from each of these entities and (2) inform the Court how much each entity owes. This Court will not issue a turnover order without this information.

Additionally, the statute addresses plaintiff's concerns about the potential for distribution of assets owed to the judgment debtors while he proceeds with the citations to discover assets. Pursuant to 735 ILCS 5/2-1402(f)(1), the citations plaintiff issues to third parties may include a provision prohibiting each third party from transferring or disposing of assets belonging to the judgment debtors until further order of the court. Indeed, § 1402(f)(1) provides as follows:

> The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first.

735 ILCS 5/2-1402(f)(1).

Next, plaintiff asks this Court to issue a blanket turnover order that requires all funds Premier Fighter, LLC receives in the future to be turned over to the plaintiff. This Court will not issue such a blanket turnover order nor will we order ownership and control of Premier Fighter, LLC to be turned over to the plaintiff. These requests are way beyond the scope of what this Court is allowed to do under 735 ILCS 5/2-1402. As stated in open court, plaintiff needs to familiarize himself with 735 ILCS 5/2-1402 or hire an attorney who knows how post-judgment proceedings work in federal court. Plaintiff is warned that if he files another motion for turnover that fails to comply with this Court's instructions and with 735 ILCS 5/2-1402, he runs the risk that this Court will deny the motion with prejudice.

Finally, to the extent that plaintiff's current motion seeks an order of contempt for violations of the preliminary injunction, that motion is denied without prejudice. Plaintiff is instructed to file a motion for rule to show cause as to why defendants should not be held in contempt for violating the preliminary injunction. In that motion, plaintiff must demonstrate how the defendants violated the preliminary injunction. The motion also must set forth the relief plaintiff seeks for defendants' alleged violation of the preliminary injunction. Defendants will be given an opportunity to be heard at a show cause hearing.