UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. BLUMENTHAL, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 07 CV 7230 |
| v. | ) ) Judge Joan B. Gottschall |
| MATTHEW H. ANSELMO, M & M MARKETING, LLC, and KATHRYN HEMENWAY, | ) ) Magistrate Michael T. Mason ) ) |
| Defendants. | ) ) |

**DEFENDANT KATHRYN HEMENWAY'S MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant Kathryn Hemenway, through undersigned counsel, PITTACORA & CROTTY, LLC, moves this Court for an order imposing sanctions and attorneys' fees against Plaintiff, Michael L. Blumenthal and the law firm of Milton M. Blumenthal & Associates.

BACKGROUND

This action arose due to a complaint filed by Michael L. Blumenthal, Esq. ("Blumenthal") on his own behalf, on December 26, 2007, in the United States District Court for the Northern District of Illinois (hereinafter referred to as the "Complaint"). Blumenthal is an attorney licensed to practice law in the State of Illinois. The Complaint set forth six counts relating to an alleged failure of Defendants, Matthew H. Anselmo and Anselmo's company, M&M Marketing, LLC (hereinafter referred to collectively as "Anselmo") to repay loans Blumenthal made to Anselmo.

Defendant, Kathryn Hemenway ("Hemenway") is an attorney licensed to practice law in the state of Nebraska. Hemenway was retained by Anselmo to aid in negotiation

1

of a settlement agreement between Anselmo and Blumenthal. At no point in time was Hemenway a party to the loans that are the subject of the Complaint in this matter.

After settlement negotiations between Blumenthal and Anselmo failed, Blumenthal filed suit against Anselmo. Blumenthal also named Hemenway in the Complaint, pleading causes of action against her as a party in Count Five (promissory estoppel) and Count Six (breach of contract) of the Complaint, based solely on representations allegedly made by Hemenway regarding the deposit of $12 Million into an account in the name of M & M Marketing, LLC. *See* Complaint at ¶¶79-87.

On January 28, 2008, Hemenway filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacked jurisdiction over Hemenway, or in the alternative, for transfer of venue to Nebraska. The Motion to Dismiss was set for hearing on February 7, 2008. At hearing, Blumenthal requested and received over 30 days to respond to Hemenway's Motion to Dismiss. After receiving this extended briefing schedule, Blumenthal proceeded to send improper discovery requests to Hemenway in the form of correspondence. A copy of Blumenthal's February 14, 2008 correspondence is attached hereto as Exhibit A. On February 15, 2008, undersigned counsel responded to Blumenthal's request asserting privilege and demanding that attempts to harass Hemenway cease. A copy of February 15, 2008 correspondence to Blumenthal is attached hereto as Exhibit B. On February 25, 2008, Blumenthal again sent correspondence reiterating his original discovery request and adding further requests. A copy of Blumenthal's February 25, 2008 correspondence is attached hereto as Exhibit C.

On February 26, 2008, undersigned counsel sent Blumenthal a letter again objecting to the improper requests and indicating that Blumenthal should dismiss his case against Hemenway or risk sanctions under Federal Rule 11.  *See* February 26, 2008 Correspondence attached hereto as Exhibit D.  Despite having indicated in court that he would voluntarily shorten the briefing schedule in this matter, Blumenthal instead utilized that time to harass Hemenway and file a volley of harassing and improper discovery requests, including filing a Motion to Compel against Hemenway on February 18, 2008.  In his Motion to Compel, Blumenthal made several allegations that directly contradicted the assertions made in his Complaint.  For example, he indicated that Hemenway never identified herself as Anselmo's attorney, but that she indicated only that she was Anselmo's accountant.  However, in his Complaint, Blumenthal clearly indicated that Hemenway identified herself as Anselmo's attorney in her initial phone call to him.  *See* Plaintiff's Complaint at ¶ 49 and ¶ 79.  The matter was referred to Magistrate Judge Michael T. Mason for ruling on Plaintiff's motion to compel, and on March 5, 2008, Plaintiff's motion to compel was denied as improper given that Hemenway had not submitted to the jurisdiction of the court.  *See* March 5, 2008 Order attached hereto as Exhibit E.

The parties fully briefed Hemenway's Motion to Dismiss.  In Blumenthal's response, he argued that Hemenway's acts of initiating phone calls to Blumenthal when he was located in Illinois (and she was located in Nebraska) were sufficient to constitute minimum contacts for purposes of establishing jurisdiction over her.  Hemenway in turn argued that, as a fiduciary of Anselmo, Blumenthal was barred from asserting jurisdiction over her in this matter based on the fiduciary shield doctrine.  On or about May 22, 2008,

the Court entered an Order granting Hemenway's motion on the basis of the fiduciary shield doctrine and dismissed Hemenway as a party to the above litigation. *See* Memorandum Opinion and Order attached hereto as Exhibit F.

Hemenway now moves the Court for Rule 11 sanctions and attorneys fees against Blumenthal. Hemenway was joined as a party to this matter in bad faith. Blumenthal, an attorney, knew or should have known that the Court had no basis to exercise jurisdiction over her. Further, Blumenthal knew or should have known that Hemenway was an agent of Anselmo, and thus, subject to dismissal under the fiduciary shield doctrine. Blumenthal was previously warned by undersigned counsel that it would seek Rule 11 sanctions if Blumenthal refused to dismiss Hemenway as a party. Finally, Hemenway has incurred substantial attorney fees in defending Blumenthal's baseless action and attempts to harass Hemenway into providing information about Anselmo through improper discovery requests and motion practice.

## ARGUMENT

### I. Legal Standard

"Rule 11 authorizes the federal district courts to impose sanctions, including reasonable attorney's fees, upon attorneys or the parties they represent. Parties or their attorneys violate Rule 11 when they sign a pleading, motion, or other paper that, after reasonable inquiry, is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *National Wrecking Co. v. International Broth. of Teamsters, Local,* 731 990 F.2d 957, 963 (7th Cir.1993). "Fed.R.Civ.P. 11. Rule 11 is also violated when parties or their attorneys bring legal action for any improper purpose, such as to harass or needlessly

4

increase the cost of litigant." *Id.* To determine whether an attorney's conduct violated Rule 11, the court employs an "objectively reasonable standard." *Thompson v. Duke,* 940 F.2d 192, 195 (7th Cir.1991). An attorney is shielded from the sanctions of Rule 11 if: 1) a "reasonable inquiry" is made into both fact and law; 2) the pleading is submitted in good faith without an intent to harass; 3) the legal theory asserted is objectively "warranted by existing law or a good faith argument" for extension or modification of the law; and 4) the complaint is "well grounded in fact." *Id.* at 195 (quoting *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1080 (7th Cir.1987)). *Harlyn Sales Corp. Profit Sharing Plan v. Investment Portfolios-Government Plus Fund* 142 F.R.D. 671, 674 (N.D. Ill. 1992). It is objectively unreasonable for Blumenthal, an Illinois licensed attorney, to expect a cause of action to survive against an out of state attorney who unsuccessfully attempted to negotiate a settlement agreement with an Illinois resident. To think otherwise would expose every single attorney attempting to broker a settlement for her client to liability should those settlements fail.

    **II.    Blumenthal failed to act in an objectively reasonable manner when he named Hemenway as a Defendant.**

As indicated by the Court's Order, Blumenthal failed to make out a *prima facie* case demonstrating that the Court could exercise personal jurisdiction over Hemenway. *See* Exhibit F. Specifically, the Court found that the fiduciary shield doctrine applied as a bar to establishing jurisdiction over Hemenway. Additionally, the Court found that "the fact that Hemenway was acting on behalf of Anselmo and M&M when she communicated with Blumenthal is undisputed." *See* Exhibit F. Thus, as a practicing attorney, at all relevant times throughout the course of litigation, and prior to the filing of his Complaint, Blumenthal was clearly aware (or should have been) that he had no basis

to exercise jurisdiction over Hemenway, or even assert claims against her because she was indisputably, and by his own admission, an agent of Anselmo. Further, even assuming *arguendo* that Blumenthal was not aware of the Court's lack of personal jurisdiction over Hemenway, Rule 11 requires that he make a "reasonable inquiry" into the legal basis of his allegations. The Illinois Supreme Court case of *Rollins v. Ellwood*, 141 Ill.2d 244, 565 N.E.2d 1302 (Ill. 1990), definitively establishes that the Court could not exercise jurisdiction over Hemenway. Blumenthal's failure to recognize this demonstrates that no reasonable inquiry was made.

Next, Blumenthal's Complaint was not well grounded in fact. In his Complaint, Blumenthal made false, inaccurate assertions against Hemenway knowing full well that she was not a proper party to the litigation. Blumenthal's actions were done for purposes of harassment and resulted in Hemenway incurring significant legal fees. In his Complaint, Blumenthal repeatedly alleged that Hemenway agreed to *personally guarantee* that a $12 Million cashier's check from US Bancorp payable to Mr. Anselmo was deposited. *See* Complaint at ¶¶50-51. In support of his allegations, Blumenthal stated that this personal guarantee was confirmed in a series of faxes sent November 12th, 20th and 26th, 2007. *See* Complaint at ¶51. In fact, the faxes, attached as Exhibit 9 to the Complaint, contain no language remotely resembling a personal guarantee by Hemenway. *See* Complaint at Exhibit 9. Blumenthal's assertions in his Complaint amounted to more than a mere failure to inquire into the facts of the case - they were a blatant misrepresentation of the evidence. Further, Blumenthal included clearly contradictory information in both his Motion to Compel and his Complaint. Obviously,

Blumenthal was well aware that one or the other pleading contained false information not grounded in fact or law.

Blumenthal further misrepresented the evidence in his attempts to harass Hemenway into providing financial information about Anselmo. Indeed, it seems clear that Blumenthal filed this action against Hemenway to propound improper discovery on her in an attempt to acquire attorney-client privileged information related to her representation of Anselmo. Additionally, one could argue that Blumenthal named Hemenway in this case to disqualify her from representing Anselmo or otherwise arranging for Illinois representation for Anselmo.[1]

Further, Blumenthal was given more than adequate warning that Hemenway intended to file Rule 11 sanctions if Blumenthal failed to dismiss Hemenway from this litigation. Undersigned counsel spoke with Blumenthal on several occasions in February 2008, and apprised him of Hemenway's intent to pursue Rule 11 sanctions against him should he fail to dismiss her from the instant action. Finally, on February 26, 2008, in response to a request by Blumethal for Mr. Anselmo's social security number and M&M Marketing's EIN number, undersigned counsel sent a letter to Blumenthal, apprising him in writing of Hemenway's intent to pursue sanctions. *See* Exhibit D.

## CONCLUSION

As demonstrated above, Plaintiff Michael L. Blumenthal, acting as his own counsel, and in bad faith, submitted deliberate misrepresentations and allegations unsupported by fact or law, to this Court in his Complaint. Additionally, Plaintiff's actions were done in an effort to harass and annoy Hemenway, and made without any basis in law. Finally, should the Court find that Blumenthal was not acting in bad faith,

---

[1] Incidentally, Anselmo was not represented by an attorney in this matter and was defaulted by the Court.

7

Blumenthal, an attorney licensed to practice law in Illinois, nonetheless failed to make a reasonable inquiry into the Court's ability to exercise jurisdiction over Hemenway, and as a result, Hemenway incurred substantial cost in defending this action. Blumenthal had the opportunity to correct or otherwise withdraw the Complaint but failed to do so, even after being warned that his actions were sanctionable.

**WHEREFORE**, Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant Kathryn Hemenway requests that this Court impose against Plaintiff Michael L. Blumenthal and Milton M. Blumenthal & Associates the following sanctions:

(1) penalties sufficient to deter future conduct of like nature;

(2) an Order granting Hemenway her reasonably attorney fees in the amount of $7,770.37 for defending Plaintiff's Motion to Compel, for bringing her Motion to Dismiss and for bringing this Motion for Sanctions; and

(3) any further relief as this Court deems just and equitable.

Dated: July 22, 2008

                                                     Respectfully submitted,

                                                     KATHRYN HEMENWAY

                                                     By:   s/James R. Pittacora
                                                            One of her attorneys

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, IL 60448
(708) 390-2800
(708) 390-2801 – Facsimile
jp@pittacoracrotty.com
es@pittacoracrotty.com