IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | Court No.   07 C  7230 |
| vs. | ) | |
| | ) | |
| MATTHEW H. ANSELMO, | ) | Judge Joan B. Gottschall |
| M & M MARKETING, L.L.C., and | ) | |
| KATHRYN HEMENWAY | ) | |
| | ) | Magistrate Michael T. Mason |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff moves for entry of an order granting Plaintiff leave to file an amended complaint in this matter. In support of this motion, Plaintiff states as follows:

1. In compliance with his obligation under Fed. R. Civ. P. 11, the Plaintiff did not allege fraud in his original Complaint because he lacked sufficient information to allege fraud against Hemenway.

2. Since filing his original Complaint, Blumenthal has obtained a final judgment against Defendants Anselmo and M & M Marketing on one count of his multi-count Complaint.

3. The Plaintiff has spent the last five months focused on discovering and obtaining title to Defendants Anselmo and M & M Marketing's property.

4. Over the last five months several things have occurred.

5. First is that Plaintiff has obtained the partial cooperation of Defendant Anselmo. As a result of that cooperation the Plaintiff has learned that not only was there never an order from Northrup Grumman Corporation (the purpose of the loan Plaintiff made to Anselmo was based on Anselmo's alleged need for working capital to complete an order for Northrup

1

Grumman Corporation); (2) there was never anywhere near twelve million dollars in any bank account; (3) prior to this lawsuit being filed, no Defendant had ordered a wire transfer to the Plaintiff for any amount of money; and (4) Defendants Anselmo and M & M Marketing's only hope of ever satisfying the judgment already obtained by the Plaintiff is for the Plaintiff to take over their sole asset (i.e., the Premier Fighter™ apparel line) and run the business. The Plaintiff was focusing his efforts to discover Defendants Anselmo's and M & M Marketing's assets and on running Premier Fighter when this Court entered its order dismissing the counts against Defendant Hemenway. (*See* Doc. 85.)

6. Second, as part of his effort to cooperate with the Plaintiff, Defendant Anselmo has been forthcoming with information that was not in the Plaintiff's possession when the Complaint was filed or when the Plaintiff responded to Hemenway's motion to dismiss.

7. As demonstrated by the attached declaration, Hemenway was never employed as an attorney for either M & M Marketing or Anselmo. (*See* Ex. A, ¶¶ 9 & 12-14.) In fact, much like the signage on her office and her initial representations to the Plaintiff and Dr. Vicari regarding her being Anselmo's *accountant*, Anselmo approached Hemenway because he needed someone with a finance background to provide assurance to the Plaintiff that Anselmo had funds available to him to pay the Plaintiff, and that such funds were en route. (*See* Ex. A, ¶¶ 7-10.) Anselmo never asked Hemenway to negotiate a settlement on his behalf or to act as his attorney. (*See* Ex. A, ¶ 9.) The sole purpose of Anselmo's approaching Hemenway was to stall the Plaintiff from filing suit against Anselmo and/or M & M Marketing. (*See* Ex. A, ¶¶ 7-9.) While Anselmo showed Hemenway a wire transfer order forms which showed Blumenthal's and Vicari's names, such forms were showed no sign of having been received, let alone accepted and in process by Wells Fargo. (*See* Ex. A, ¶ 9.) Further, Anselmo never directed Hemenway to

represent to Blumenthal or Vicari that she had verified that the funds were present, that a wire was being held up by Wells Fargo's normal operating procedures, or that Hemenway's husband was friends with the Wells Fargo branch manager where the wire transfer was allegedly being processed. (*See* Ex. A, ¶ 11.)

8. The new facts which have been learned since the Complaint was filed and Defendant Hemenway's motion to dismiss was responded to are included in the attached Amended Complaint and cures the shortcomings of the original Complaint as it relates to Defendant Hemenway

WHEREFORE, Plaintiff seeks an order allowing Plaintiff leave to file the Amended Complaint that the Plaintiff has attached to this motion as Exhibit B.

Respectfully submitted,

**MICHAEL L. BLUMENTHAL, Plaintiff**

By: /s/ Michael L. Blumenthal
One of His Attorneys

**Martin A. Blumenthal**
**Attorney for Michael L. Blumenthal**
**1 Northfield Plaza - Suite 300**
**Northfield, Illinois   60093**
**(847) 441-2687**
**e-mail: marty@blumenthallaw.com**
**Attorney I.D.# 6180069**

**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street  - Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**e-mail: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**