IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. BLUMENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | Court No.   07 C  7230 |
| vs. | ) | |
| | ) | |
| MATTHEW H. ANSELMO, | ) | Judge Joan B. Gottschall |
| M & M MARKETING, L.L.C., and | ) | |
| KATHRYN HEMENWAY | ) | |
| | ) | Magistrate Michael T. Mason |
| Defendants. | ) | |

## DECLARATION OF MATTHEW H. ANSELMO

Pursuant to 28 U.S.C. § 1746, the undersigned MATTHEW H. ANSELMO declares:

1.   That your Declarant is a Defendant in the above-entitled cause, is an adult of legal age, competent to testify and has personal knowledge of the facts set forth herein.

2.   I am the sole member of M & M Marketing, L.L.C., a Nebraska limited liability company.

3.   In May 2007, I approached the Plaintiff and Dr. Frank Vicari to obtain a short term loan for M & M Marketing. I represented the loan was necessary in order to complete an order for Northrup Grumman Corporation.

4.   I received the funds I sought from the Plaintiff and Dr. Vicari.

5.   After I failed to repay the Plaintiff's funds, I received countless phone calls from the Plaintiff demanding his money and the reasons for delay in repayment.

6.   In October of 2007 I represented to the Plaintiff and Dr. Vicari that the

**Exhibit A**

reason for my inability to repay the loan was that my prior bank had closed my accounts and that I was in the process of moving $12,000,000.00 to a new bank.

7. Once the Plaintiff threatened to file suit, I approached Kathryn Hemenway for help.

8. I had previously used Kathryn Hemenway as my accountant for my individual tax returns, and I believed that she could provide the Plaintiff and Dr. Vicari with the assurances they wanted.

9. At my meeting with Kathryn Hemenway, I described to her my problem, and showed her completed, but unsubmitted wire transfer orders for the Plaintiff and Dr. Vicari. I asked her to call the Plaintiff and Dr. Vicari and assure them that their funds would be forthcoming. At no time did I ask Kathryn Hemenway to negotiate a settlement of any sort. In fact, such a negotiation would have been against my direct wishes as I believe it would have caused the Plaintiff to file his lawsuit even earlier.

10. Kathryn Hemenway assured me that she would take care of the problem. Other than telling Kathryn Hemenway to tell the Plaintiff and Dr. Vicari that I had the funds to pay them the undisputed amount owed, and that they would be getting paid shortly, I gave Kathryn Hemenway no directions as to what representations should be made.

11. I did not ask Kathryn Hemenway to lie on my behalf, including making representations about Wells Fargo's wire transfer practices or her relationship with any Wells Fargo employee.

12. At no time did I sign an attorney-client agreement or believe that Kathryn Hemenway was acting as my lawyer.

13. I had no expectation of privacy with respect to the limited information I provided to Kathryn Hemenway. In fact, of the little information I gave her regarding the Plaintiff and the money I owed, I expected that all of the information I gave Hemenway would be relayed to the Plaintiff.

14. Under no circumstances would I have sought Kathryn Hemenway's assistance in seeking representation in this litigation, even if she had not been a Defendant or previously involved.

15. Finally, Declarant would testify that the picture attached to this declaration is a true and accurate picture of the exterior of Defendant Hemenway's office at the time I retained her services.

16. **FURTHER DECLARANT SAYETH NOT.**

_____  7-19-08
Matthew H. Anselmo           Date

3

