IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Michael L. Blumenthal, | ) | No: 07 CV 7230 |
| Plaintiff | ) | |
| v. | ) | Judge Joan Gottschall |
| | ) | Mag: Michael T. Mason |
| Matthew H. Anselmo, | ) | |
| M & M Marketing, LLC | ) | |
| and Kathryn Hemenway | ) | |

**KATHRYN HEMENWAY'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

NOW COMES Defendant Kathryn Hemenway ("Hemenway"), by and through

her attorneys, Pittacora & Crotty, LLC, and responds to Plaintiff's Motion for Leave to

File an Amended Complaint as follows:

**INTRODUCTION**

This action arose from a complaint filed by Michael L. Blumenthal, Esq.

("Blumenthal") on his own behalf, on December 26, 2007, in the United States District

Court for the Northern District of Illinois (hereinafter referred to as the "Complaint").

Blumenthal is an attorney licensed to practice law in the State of Illinois. The Complaint

sets forth six counts relating to an alleged failure of Defendants, Matthew H. Anselmo

and Anselmo's company, M&M Marketing, LLC (hereinafter referred to collectively as

"Anselmo"), to repay loans Blumenthal made to Anselmo.

Defendant, Kathryn Hemenway ("Hemenway") is an attorney licensed to practice

law in the state of Nebraska. Hemenway was retained by Anselmo to aid in negotiation

of a settlement agreement between Anselmo and Blumenthal. At no point in time was

Hemenway a party to the loans that are the subject of the Complaint in this matter.

After settlement negotiations between Blumenthal and Anselmo failed, Blumenthal filed suit against Anselmo. Blumenthal also named Hemenway in the Complaint, pleading causes of action against her as a party in Count Five (promissory estoppel) and Count Six (breach of contract) of the Complaint, based solely on representations allegedly made by Hemenway regarding the deposit of $12 Million into an account in the name of M & M Marketing, LLC. *See* Complaint at ¶¶79-87.

On January 28, 2008, Hemenway filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacked jurisdiction over Hemenway, or in the alternative, for transfer of venue to Nebraska. This Court granted Hemenway's Motion to Dismiss on May 22, 2008, and based its ruling on the fact that Hemenway, as a fiduciary of Anselmo, could not be brought into court in this matter under the fiduciary shield doctrine. *See* May 22, 2008 Memorandum Opinion and Order.

On or about July 18, 2008, Hemenway filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11, based on Blumenthal's refusal to dismiss her as a Defendant from this action despite numerous warnings that maintaining an action against her would result in the filing of said motion. At no time during the May 22, 2008 through July 18, 2008 time period did Plaintiff file a Motion for Reconsideration of this Court's May 22, 2008 Order, nor did he appeal that May 22, 2008 Order. Instead, on July 29, 2008, two days before Hemenway's Rule 11 motion was scheduled for hearing, Plaintiff filed a Motion for Leave to File an Amended Complaint against Hemenway. Plaintiff's Motion, for all practical purposes, proves that Blumenthal is determined to continue his baseless harassment of Hemenway, and that Rule 11 sanctions are indeed warranted. Blumenthal's Amended Complaint does absolutely nothing to dispel Hemenway's status

as a fiduciary of Anselmo, nor does it provide any reason why this Court should exercise

jurisdiction over Hemenway.  Accordingly, Blumenthal's motion must be denied and he

must be sanctioned by this Court or his harassment of Hemenway will continue.

## ARGUMENT

**I.  On their face, Counts V and VI of the Amended Complaint are virtually identical to the original Complaint, and do not change Hemenway's status as a fiduciary of Anselmo and M & M Marketing.**

Plaintiff's Motion must be denied as a matter of law, as it alleges Hemenway was

a fiduciary of Anselmo and M & M Marketing.  For example, in Paragraph 49 of

Blumenthal's Amended Complaint, he references a telephone call allegedly taking place

between Plaintiff and Hemenway wherein she identified herself as Mr. Anselmo's tax

accountant.[1]   Other than minor changes, *i.e.,* updating Paragraph 52 to indicate that

Blumenthal has made efforts to collect on the judgment he obtained against Anselmo and

M & M Marketing, Paragraphs 1 through 55 contain no further amendments.

Ms. Hemenway's name does not appear again in Blumenthal's Amended

Complaint until Count V, which alleges Promissory Estoppel against Hemenway.

Paragraph 81 of the Amended Complaint again changes Hemenway's initial

representation in Paragraph 79 of his original Complaint to that of tax accountant, versus

attorney, and offers no reason for this contradiction to his original Complaint.  Count V

of Blumenthal's Complaint is otherwise *identical to the original Complaint,* and as such,

---

[1] It is worth noting that, in Paragraph 49 of Plaintiff's Complaint, he alleges that Hemenway identifies herself as Mr. Anselmo's "attorney and tax accountant."  *See* Complaint at ¶ 49.  Despite the fact that this allegation references a telephone call between Plaintiff and Hemenway that took place in November 2007, prior to filing the original Complaint in this matter, Mr. Blumenthal offers no reason for this discrepancy. Indeed, later in his Amended Complaint, Blumenthal directly contradicts his original Complaint and alleges in Paragraph 51 that it was only through faxes received by Hemenway on November 12, 20 and 26, 2007 that he discovered Hemenway was also an attorney.

his efforts to bring this Count V against her again despite the Court's May 22, 2008 Order dismissing this action against her is clearly sanctionable.

Count VI of Blumenthal's Amended Complaint is likewise identical to that of the original Complaint. Given that the only change made and incorporated into this Count is that of Hemenway's representation of herself in her initial phone call to Blumenthal, this Count must also be dismissed, and Blumenthal's refusal to abide by this Court's Order is similarly sanctionable.

Whether or not Hemenway acted in her capacity as Anselmo and M & M Marketing's tax accountant or attorney (or both) is irrelevant to the question of whether or not she was a fiduciary of both parties. Moreover, this issue has been explicitly addressed by this Court in its May 22, 2008 Memorandum Opinion and Order. *See* May 22, 2008 Memorandum Opinion and Order at p.8, fn.5. Clearly, Blumenthal has persisted in his efforts to harass Defendant Hemenway, and has brought identical causes of action to those that were dismissed only to retaliate against her for filing a Rule 11 Motion for Sanctions. Counts V and VI of Plaintiff's Amended Complaint must accordingly be dismissed with prejudice.

## II.    Count VII asserts neither a personal benefit nor an independent act to Hemenway such that the fiduciary shield doctrine should be disregarded by this Court.

While Blumenthal has succeeded in bringing a cause of action against Hemenway in Count VII that is not identical to the claims that were dismissed previously, he has nonetheless failed to allege any facts that would support application of the "personal benefit" or "independent act" exceptions to the fiduciary shield doctrine, although that is plainly his goal in bringing this Count VII. First, in Paragraph 94, he alleges that

Hemenway somehow committed fraud by relying on her client's statements without independently verifying them. This is a blatant attempt to shift Hemenway's fiduciary duty to Anselmo and M & M Marketing to Blumenthal. Clearly, as ruled by this court and in no way contradicted by any of the conclusory allegations or specious facts set forth by Plaintiff, Hemenway acted in her capacity as a fiduciary of Anselmo and M & M Marketing, and *not* as Blumenthal's fiduciary.[2]

Count VII of Blumenthal's Complaint asserts no personal benefit to Hemenway for performing these allegedly fraudulent acts. Indeed, other than a vague reference to "increased billings, monies and goodwill," in the duplicative Count VI, there is no asserted benefit to Hemenway whatsoever.

Finally, Blumenthal attaches a self-serving and highly suspect Declaration by Defendant, Matthew Anselmo, to attempt to invoke the "independent act" exception to the fiduciary shield doctrine set forth in this Court's May 22, 2008 Order. Given that Blumenthal obtained a multi-million dollar judgment against Anselmo in the instant matter, this Declaration and the timing of its execution strains credulity. However, other than waiving attorney-client privilege, this Declaration does nothing to dispel Hemenway's status as a fiduciary. Anselmo's assertions regarding the nature of Hemenway's representation do nothing to change the fact that she represented him in this matter, and do not contain assertions sufficient to invoke the "independent act" exception to the fiduciary shield doctrine as analyzed by this Court in its May 22, 2008 Order. Indeed, Anselmo's Declaration supports Hemenway's fiduciary status. For example, Paragraphs 7 through 9 indicate that: 1) Anselmo approached Hemenway for assistance;

---

[2] It is also interesting to note that, despite receiving similar assurances from Dr. Vicari, who presumably was not acting on behalf of Anselmo and M & M Marketing, that funds were secured and ready, Blumenthal did not, in fact, file suit against Dr. Vicari alleging fraud.

2) explained his dilemma with Blumenthal; 3) showed her completed wire transfer orders; and 4) *asked her to contact the Plaintiff and Dr. Vicari to assure them that their funds would be forthcoming. See* Declaration of Matthew Anselmo at ¶¶ 7-9. Clearly, every purported statement made by Hemenway to Blumenthal was well within the scope of her representation of Anselmo and M & M Marketing. The only "independent act" alleged by Anselmo is that he did not request that she lie on his behalf regarding Wells Fargo's wire transfer practices. As shown herein, no factual assertion has been made to show that Hemenway knew any statements she made regarding Wells Fargo wire transfers were false when she made them. As such, there is no independent act such that Hemenway's conduct would be exempt from the fiduciary shield doctrine.

**CONCLUSION**

Plaintiff's Motion for Leave to File an Amended Complaint must be denied for the following reasons: 1) Plaintiff has utterly failed to allege any relevant new matter that was undiscoverable prior to filing the original Complaint; 2) Plaintiff has failed to allege any matter showing that Kathryn Hemenway was acting in any manner other than as a fiduciary of Anselmo and M & M Marketing in her dealings with Blumenthal; and 3) this Court already declined to exercise jurisdiction over Hemenway because of the fiduciary shield doctrine. Clearly, Plaintiff has shown by the filing of this Amended Complaint that he will not cease his harassment of Defendant, Kathryn Hemenway, without the imposition of sanctions against him pursuant to Rule 11. The retaliatory and harassing nature of Blumenthal's actions is further evidenced by Blumenthal's failure to file a Motion for Reconsideration of this Court's May 22, 2008 Order, or to appeal that Order

dismissing Hemenway from this matter, within 30 days of its entry, instead waiting until after Hemenway pursued sanctions against Blumenthal pursuant to Rule 11.

WHEREFORE, the defendant, Kathryn Hemenway, respectfully requests this Court enter an Order denying Plaintiff's Motion for Leave to File an Amended Complaint with prejudice, for attorneys' fees and costs connected with the filing and presentment of this motion, and for any other relief that this Court deems equitable and just.

Date:    August 14, 2008

Respectfully submitted,

KATHRYN HEMENWAY

By: ___s/James R. Pittacora_____
      One of her attorneys

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, IL 60448
(708) 390-2800
(708) 390-2801 – Facsimile
jp@pittacoracrotty.com
es@pittacoracrotty.com


Richard Register
425 N. "H" St.
Fremont, NE 68025
(402) 727-9248
Attorney #17783

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Michael L. Blumenthal, | ) | No: 07 CV 7230 |
|     Plaintiff | ) | |
| v. | ) | Judge Joan Gottschall |
| | ) | Mag: Michael T. Mason |
| Matthew H. Anselmo, | ) | |
| M & M Marketing, LLC | ) | |
| and Kathryn Hemenway | ) | |

## CERTIFICATE OF SERVICE

To:    Martin A. Blumenthal, Esq.
       Law Offices of Martin A. Blumenthal
       One Northfield Plaza, #300
       Northfield, IL 60093

PLEASE TAKE NOTICE, that on **August 14, 2008**, the undersigned served a true and correct copy of, **KATHRYN HEMENWAY'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT,** to the above-named counsel by electronic delivery pursuant to Local Rule 5.9 of the Federal Rules of Civil Procedure for the U.S. District Court, Northern District of Illinois, Eastern Division.

                                   s/James R. Pittacora
                                   James R. Pittacora

James R. Pittacora (ARDC #6237882)
Elizabeth S. Stevens (ARDC #6279863)
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois  60448
Telephone: (708) 390-2800
Fax: (708) 390-2801
jp@pittacoracrotty.com
es@pittacoracrotty.com