**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL L. BLUMENTHAL,    ) | |
| ) | |
| Plaintiff,    ) | Court No.   07 C  7230 |
| vs.    ) | |
| ) | |
| MATTHEW H. ANSELMO,    ) | Judge Joan B. Gottschall |
| M & M MARKETING, L.L.C., and    ) | |
| KATHRYN HEMENWAY    ) | |
| ) | Magistrate Michael T. Mason |
| Defendants.    ) | |

**PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF**
**HIS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND**
**RESPONSE TO DEFENDANT HEMENWAY'S MOTION FOR SANCTIONS**

The Plaintiff should be allowed to file his Amended Complaint and Defendant Hemenway's motion for sanctions must be denied because the fiduciary shield doctrine does not allow attorneys or accountants to intentionally lie on their client's behalf. More importantly, the Amended Complaint, and the declaration of Anselmo attached to the Plaintiff's motion for leave to file, clearly demonstrate that Defendant Hemenway was *not* under explicit instructions to lie to the Plaintiff. Further, the Amended Complaint seeks recovery for intentional tortious conduct which could not previously be alleged without potentially running afoul of Fed. R. Civ. P. 11. Quite simply, in order for Defendant Hemenway to prevail, this Court would have to accept the premise that an attorney can say or do anything for their client, and not be held liable for the natural and expected consequences of those actions in the location where those actions were directed. To be clear, Defendant Hemenway is not being sued because she failed at settlement negotiations for there were no negotiations to fail. Defendant Hemenway is being sued for making intentionally false statements, including statements regarding her own actions, which resulted in the Plaintiff suffering further damages.

1

Unlike Defendant Hemenway, the Plaintiff will not respond with *ad hominem* attacks and futile attempts to discredit his opponent's allegations, but will review the pleadings and the law[1] which dictate that the claims against Hemenway proceed and that this Court is the proper forum and venue for those claims to be litigated. Finally, in light of the Amended Complaint's allegations and the new facts presented to this Court, Defendant Hemenway's motion for sanctions must be denied.

## Statement of Facts

This lawsuit arises from two loans that were made by Plaintiff to Defendants Anselmo and M & M Marketing. The loans were solicited from the Plaintiff (a citizen of this District) by Defendants Anselmo and M & M Marketing. Defendant Anselmo first contacted the Plaintiff by telephone in Chicago and then again during a visit here. The funds originated from bank accounts located in this district. At all relevant times, the Plaintiff was in this district when Defendant Hemenway made her fraudulent representations to the Plaintiff.

Defendant Hemenway was retained by co-Defendants Anselmo for the purpose of assuring the Plaintiff and Dr. Vicari that their funds would be forthcoming. (*See* Anselmo Decl., at ¶ 9.) "At no time did [Anselmo] ask Kathryn Hemenway to negotiate a settlement of any sort. In fact, such a negotiation would have been against [Anselmo's] direct wishes as [Anselmo] believe[d] it would have caused the Plaintiff to file his lawsuit even earlier." (*Id*.) Hemenway made several phone calls, and sent several facsimiles, into this district which contained materially false statements. (*See* Am. Compl. ¶¶ 49-51, 54, 82-83, 86-87, 95 and Blumenthal Decl. [Doc. 56-2], Exhibits A, B, and C.) Both the Plaintiff and Dr. Vicari explained to

---

[1] Hemenway's response does not cite, let alone discuss, a single case. Rather, she focuses on her version of the events which are not alleged or even inferable from either complaint, and not properly considered in a motion to dismiss.

2

Defendant Hemenway that they had no faith in Defendant Anselmo's representations or promises and that, but for, Defendant Hemenway's promises and representations, the Plaintiff and Dr. Vicari would avail themselves of all legal avenues to recover their money including but not limited to, the institution of suit, accompanied by a request for an injunction and/or immediate turnover order against the Defendants Anselmo and M & M Marketing. Defendant Hemenway knew that the Plaintiff and Dr. Vicari were relying on her representations as to the existence of the funds, and as to her personal involvement in ensuring that the debt was repaid by the transfer of the funds. (*See Id.*) Further, Defendant Anselmo did not direct Defendant Hemenway to: lie about having seen the check, confirm that the wire was scheduled to be sent, make representations regarding Wells Fargo's practices regarding wire transfers, or agree to personally verify the wire transfer. Finally, based on Defendant Anselmo's July 29, 2008 declaration *and* the bank records finally received by the Plaintiff on August 21, 2008,[2] these statements were known by Hemenway to be false at the time they were made.

## Legal Standard

As with most motions to dismiss, this Court must accept, "all well-pleaded allegations in the complaint as true." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)(citing *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). Further, "leave to amend should be granted under Federal Rule of Civil Procedure 15(a) unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227

---

[2] The records were sent in response to a subpoena served on March 4, 2008.

3

(1962)).

With respect to the fiduciary shield doctrine, this doctrine protects non-resident agents from being sued in Illinois for, "conduct in Illinois [that] was a product of, and was motivated by, his employment situation and not his personal interests." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1318 (Ill. 1990)(holding that an employee engaged in ministerial activities which are not for his benefit, who is alleged to have committed an unplanned tort while in the state, is not amenable to suit in this state). Courts have held that, "the proper test to determine whether the fiduciary shield doctrine should apply is 'whether, on the basis of the defendant's conduct in Illinois or acts affecting Illinois interests it would be fair to require him to defend an action in Illinois.'" *Lippert Mktg. v. Kingwood Ceramics*, No. 95 C 6490, 1997 U.S. Dist. LEXIS 12503 (N.D. Ill. Aug. 19, 1997)(quoting *Brujis v. Shaw*, 876 F. Supp. 975, 977 (N.D. Ill. 1995)). The two most recognized exceptions to the fiduciary shield doctrine are: (1) where personal interests motivated the individual's actions; *or* (2) where the individual's actions are discretionary. *See Starr v. Int'l Brotherhood of Elec. Workers, Int'l Union*, 03 C 1760, 2003 U.S. Dist. LEXIS 14890, *13 (N.D. Ill. Aug. 27, 2003) (internal citations omitted). Finally, as this Court recognized in its order dismissing the counts of the Complaint against Defendant Hemenway, "where an attorney is acting for her own interests or where the client does not dictate the action taken, the doctrine does not apply. *See, e.g.*, *Lexecon, Inc. v. Milberg, Weiss, Bershad, Specthrie & Lerach*, 92 C 7768, 1993 WL 179789, *4 (N.D. Ill. May 24, 1993) (finding the doctrine inapplicable to protect "lawyers who, without explicit direction of a client" commit tortious actions during litigation)."

Finally, with respect to sanctions under Fed. R. Civ. P. 11, "Rule 11 requires a plaintiff to conduct a reasonable inquiry before filing a complaint to ensure it is well grounded in fact and is

warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Katz v. Household Int'l*, 91 F.3d 1036, 1038 (7th Cir. 1996). "Complaints need not anticipate or attempt to defuse potential defenses." *U.S. Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003). Further, "whether the complaint was well grounded in fact after reasonable inquiry to satisfy Rule 11 does not depend on whether the party won or lost." *Pollution Control Industries, Inc. v. Van Gundy*, 979 F.2d 1271, 1273 (7th Cir. 1992); *accord Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223, 230 (7th Cir. 1990).

**Argument**

**I. The Plaintiff is Entitled to File an Amended Complaint**

As set forth in the Plaintiff's motion, the Plaintiff's Amended Complaint is materially different from the original Complaint. Additionally, the problems identified by this Court's order dismissing the counts of the original Complaint that were directed against Defendant Hemenway have been cured with the Anselmo Declaration. As stated by the Anselmo declaration, Hemenway's fraudulent representations were created by Hemenway, exercising her discretion as to what representations to make, and went beyond the scope of her employment. (*See* Anselmo Decl., at ¶¶ 9-11.)

As this Court has already recognized, "where the client does not dictate the action taken, the [fiduciary shield] doctrine does not apply." (Order of 5/22/08 [Doc. 85], at 8.) The Plaintiff has now put before this Court evidence not previously available to the Plaintiff which demonstrates that Hemenway was not merely a ministerial servant following the orders of her employer. However, even if Hemenway was "just following orders," the rationale for the fiduciary shield doctrine would not apply.

The fact that Hemenway is an attorney, militates against the application of the fiduciary

5

shield doctrine. Unlike *Rollins*, this case does not involve a mere servant who in the course of performing their ministerial duties, allegedly committed a tortious act. This case involves Defendant Hemenway's knowingly and repeatedly calling into Illinois with the intent to deceive residents in Illinois. Defendant Hemenway not only lied about the facts reported to her, but lied about her actions in gathering those facts. If Hemenway had spoken to anyone at Wells Fargo she would have known that no multi-million dollar deposit had been made, and that no wire transfer was in process for the Plaintiff. Hemenway's premeditated tortious acts, regardless of whether she benefitted from them or not, make her liable and subject to suit in Illinois.

In order for this Court to continue to find that Hemenway is not amenable to suit in Illinois, it would have to find that Illinois public policy favors burdening Illinois residents with litigation in another forum merely because the defendant was out-of-state and merely an agent. It would also have to find that someone who misrepresented the existence of millions of dollars to an Illinois resident could not foresee being sued in Illinois. This Court should not to take the unprecedented step of allowing a lying attorney to escape responsibility for their actions in the forum where those wrongful actions were directed and felt, merely because those actions were for the benefit of a client.

## II. The Amended Complaint does not Contradict the Complaint

Defendant Hemenway's only arguments against the Amended Complaint, other than that it is for the purpose of harassment, is that it contradicts the Complaint and suffers from the same defects as the original. In light of the Anselmo Declaration, and Defendant Hemenway's continuing failure to do anything beyond cast aspersions[3] on the Plaintiff and Defendant

---

[3] Like produce an attorney-client retainer agreement. Seeing as Defendant Hemenway concedes that the attorney-client privilege has been waived (Resp. at 5), there is no excuse remaining for her failure to produce the basic document which forms the cornerstone of any

6

Anselmo, the Plaintiff's Amended Complaint states claims for fraud, breach of contract, or in the alternative, promissory estoppel.

Hemenway's opposition to the Amended Complaint fails because it: (1) falsely claims that the two Complaints are contradictory; and (2) ignores the applicable standard of review. With respect to the first point, Hemenway's response makes much of the change in paragraphs 49 and 79 of the Complaint. The original Complaint stated that Defendant Hemenway represented herself as Anselmo and M & M Marketing's attorney and tax accountant. The Amended Complaint clarifies this statement to reflect the fact that *during the initial telephone conversation*, Hemenway only mentioned that she was Anselmo's and M & M Marketing's tax accountant. The Plaintiff only learned that Hemenway was an attorney through her facsimile cover page. Further, as noted in the Anselmo declaration, Hemenway did not advertise legal services as one of the services offered by her office, nor did Anselmo seek her out for legal services. (*See* Anselmo Decl., ¶¶ 12-15.) Lastly, the Plaintiff will not respond to Defendant Hemenway's baseless assertion that because Anselmo lied in the past while not under oath, he must now also be lying under oath.

Defendant Hemenway's opposition also fails because it argues that all Hemenway did was try to negotiate a settlement, and that those negotiations failed. To the contrary, the Amended Complaint does not allege that there were negotiations, but rather that the Plaintiff made a demand for assurance, Hemenway provided such assurances, and those assurances were false both with respect to the facts and to Hemenway's actions. A review of paragraphs 50-51, 83-87, and 95 of the Amended Complaint and exhibits A - C to the Plaintiff's response to Hemenway's motion to dismiss (Doc. 56-2) confirm that no negotiations were occurring. While

---

attorney-client relationship.

7

Defendant Hemenway tries to pull at this Court's heart by arguing that she is merely an attorney being sued for a failed negotiation, nothing could be further from the truth. She is being sued because she made representations of fact that she knew were untrue at the time they were made, and promised to take certain actions which she also failed to do. Those representations and promises caused the Plaintiff to delay legal action. This delay allowed Defendants Anselmo and M & M Marketing to postpone judgment and dispose of at least $500,000.00 between the time the Plaintiff would have likely obtained a final judgment and when he eventually did.

### III. The Complaint and Amended Complaint are Well Grounded in Fact and Not for the Purpose of Harassment

In order for a Plaintiff to be sanctioned based on a frivolous complaint, the complaint must not be grounded in fact or must have been filed for purposes of harassment. Other than Defendant Hemenway's unsupported claim that the Plaintiff included her in this lawsuit only for purposes of harassment, there is no proof that the Complaint or Amended Complaint are frivolous. Further, it is widely acknowledged that the mere fact that a plaintiff lost does not mean that the complaint or the entire case was frivolous. Therefore, the mere fact that Defendant Hemenway's attorney sent a letter stating that, "we have an affirmative defense so withdrawal your complaint, or else," does not mean that the Plaintiff was unjustified in continuing to pursue their complaint.

As set forth above, the Plaintiff is unaware of any precedent or public policy that allows for an attorney to claim the protection of the fiduciary shield doctrine in a situation such as the one presented in the Plaintiff's complaints. Even assuming Defendant Hemenway was acting as an attorney, we would still have an attorney who is alleged to have knowingly lied to individuals in Illinois. Further, this Court now has evidence before it showing that such lies were not at the direction of her client. It is not objectively unreasonable to believe that such intentional conduct,

8

knowingly directed at into Illinois, could not be viewed as sufficient to confer jurisdiction in Illinois. Further, as highly educated professionals, one would expect attorneys to be exercising their discretion. Here we have an attorney who did not parse words, or equivocate, but rather made unequivocal representations and promises to another attorney. Therefore the Plaintiff was within his right to pursue his claim, and even to seek leave to amend his Complaint in light of the new facts.

Contrary to Defendant Hemenway's baseless assertion that the filing of the motion for leave to file the Amended Complaint was a reflexive response to her motion for sanctions, the Plaintiff filed the motion when he did because that is when the information became available. Further, as the Plaintiff has already explained, the Plaintiff was focused on mitigating his damages by trying to maximize the value of the assets seized from Defendants Anselmo and M & M Marketing. Finally, Defendant Hemenway argues that the motion for leave to amend is tardy and that the Plaintiff should have appealed. (Resp., at 2 and 6.) Such a suggestion is frivolous as this Court never made any finding under Fed. R. Civ. P. 54(b).

Finally, Defendant Hemenway's argument that the Complaint and Amended Complaint are baseless, based on Plaintiff's informal discovery requests, is also unsupported by law. Courts routinely require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction. *See Black & Decker, Inc.* v. *Shanghai Xing Te Hao Indus. Co.,* 2003 U.S. Dist. LEXIS 10127 (N.D. Ill. 2003)(recognizing that "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff s claim is 'clearly frivolous.'") (quoting *Toys "R" Us, Inc.* v. *Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003). Further, as mentioned in Plaintiff's letter to Defendant Hemenway's counsel, Plaintiff's requests were in line with this Court's suggestion as to how to proceed. Therefore, while the questions asked by the Plaintiff go to the merits, they

9

also go to establishing jurisdiction over Defendant Hemenway, are not themselves frivolous or designed to harass, and certainly do not demonstrate that the Complaint or Amended Complaint were frivolous.

**IV. Defendant Hemenway Failed to Follow the Requirements of Rule 11**

Fed. R. Civ. P. 11(c)(2) provides that "The motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The first time the Plaintiff received Defendant Hemenway's motion for sanctions was when it was filed with the Court. While the Seventh Circuit has recognized that in some instances the 21 day requirement should be waived (e.g., a response was required before the 21 days period expired), no such circumstances exist here. Therefore, Hemenway's motion must not only be denied, but is itself sanctionable.

## Conclusion

The Amended Complaint, along with the facts presented in the Anselmo Declaration, provide this Court with enough facts to find that Defendant Hemenway was exercising her own discretion when she made the misrepresentations that landed her in this lawsuit. If Hemenway had done nothing other than relay the exact information she received from Anselmo, she would not be a defendant in this lawsuit. Further, anyone misrepresenting the existence and scheduled delivery of several million dollars to an Illinois resident could reasonable foresee being sued in Illinois for their misrepresentations, and that such a suit would not violate fundamental notions of fairness. Therefore, the Plaintiff's motion for leave to file his Amended Complaint (Doc. 95) should be granted, Hemenway's motion for sanctions (Doc. 93) should be denied, and this Court should order Hemenway to file her answer and enter a scheduling order under Fed. R. Civ. P.

16(b).

        Respectfully submitted,

        **MICHAEL L. BLUMENTHAL, Plaintiff**

      **By: /s/ Michael L. Blumenthal**
                **One of His Attorneys**

**Martin A. Blumenthal**
**Attorney for Michael L. Blumenthal**
**1 Northfield Plaza - Suite 300**
**Northfield, Illinois　60093**
**(847) 441-2687**
**e-mail: marty@blumenthallaw.com**
**Attorney I.D.# 6180069**

**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street　- Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**e-mail: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**

PROOF OF SERVICE

      The undersigned, being first duly sworn under oath, deposes and states that the foregoing memorandum was served on all parties to this matter, either concurrent with the filing on CM/ECF, or by facsimile on August 22, 2008.


                                By: **/s/ Michael L. Blumenthal**
                                      **One of His Attorneys**

**Martin A. Blumenthal**
**Attorney for Michael L. Blumenthal**
**1 Northfield Plaza - Suite 300**
**Northfield, Illinois 60093**
**(847) 441-2687**
**e-mail: marty@blumenthallaw.com**
**Attorney I.D.# 6180069**

**Michael L. Blumenthal, Esq.**
**Milton M. Blumenthal & Associates**
**77 West Washington Street - Suite 1720**
**Chicago, Illinois 60602**
**(312) 372-3566**
**e-mail: mike@mmblumenthal.com**
**Attorney I.D. # 6183007**