## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICHAEL L. BLUMENTHAL,      )
                                 )
        Plaintiff,        )
                                 )     Case No. 07 CV 7230
v.                            )
                               )     Judge Joan B. Gottschall
MATTHEW H. ANSELMO,     )
M & M MARKETING, LLC, and   )     Magistrate Michael T. Mason
KATHRYN HEMENWAY,      )
                               )
        Defendants.    )

## DEFENDANT, KATHRYN HEMENWAY'S REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

NOW COMES Defendant Kathryn Hemenway ("Hemenway"), by and through her attorneys, Pittacora & Crotty, LLC, and submits the following as her reply in support of her Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure:

### BACKGROUND

On or about December 26, 2007, Plaintiff, Michael L. Blumenthal filed a Complaint against Hemenway alleging promissory estoppel and breach of contract based on her representation of the other two defendants, Matthew H. Anselmo ("Anselmo") and M & M Marketing, LLC ("M & M"), in discussions with Blumenthal regarding payment of a debt owed to Blumenthal. Hemenway moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of jurisdiction. On or about May 22, 2008, this Court ruled that Defendant Hemenway was protected by the fiduciary shield doctrine, given that her alleged contacts in Illinois were solely based on her status as Anselmo's and M & M's tax accountant and/or attorney, and granted Hemenway's Motion to Dismiss on that

basis. On or about July 18, 2008, Hemenway filed a Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11 Motion") against Blumenthal based on his filing of the Complaint against her, and eleven days later, Blumenthal filed a Motion for Leave to Amend his Complaint to again add Hemenway as a Defendant ("Motion to Amend"). Blumenthal seeks leave to amend his complaint to re-plead his original actions and add a fraud count against Hemenway. Hemenway filed a response to Blumenthal's Motion to Amend, and Blumenthal, without obtaining leave of court to do so, filed a consolidated Reply in Support of his Motion to Amend and Response to Hemenway's Rule 11 Motion (the "Response").

Blumenthal's Response focuses on this Court granting his Motion to Amend, and does little to address the basis for Hemenway's Motion for Sanctions. Because Blumenthal's initial Complaint lacks basis at law to assert jurisdiction over Hemenway, and because Blumenthal's amended Complaint does nothing to cure these defects, Hemenway's Rule 11 Motion for Sanctions must be granted. Hemenway will only address the arguments specifically directed at her Rule 11 Motion for Sanctions in this reply brief, as she has not moved for leave to file any additional response to Blumenthal's Motion to Amend.

## ARGUMENT

The only arguments Blumenthal sets forth as against Hemenway's Rule 11 Motion are that: a) his Complaint and Amended Complaint are grounded in fact and not filed for the purposes of harassment; and b) that Hemenway failed to provide him with a copy of her Rule 11 Motion in accordance with Fed. R. Civ. P. 11(c)(2).

Blumenthal's first argument has been addressed fully in Hemenway's Response to Blumenthal's Motion to Amend.   However, to reiterate, Blumenthal has set forth no justification whatsoever for filing identical Counts IV and V to his amended Complaint. Count VI, the fraud count against Hemenway, fails to plead that she knew the assertions she made were false when she made them, and fails utterly to allege any damages to Blumenthal, or any gain to Hemenway whatsoever.   Moreover, this failure to plead any personal gain to Hemenway as a result of this purported fraud further bolsters Hemenway's original argument that she acted as a fiduciary to Anselmo and M & M.  As such, Blumenthal's broad, conclusory assertions that Hemenway "lied" are insufficient to elevate this matter to an act that would exempt her from the fiduciary shield doctrine.

Plaintiff's next argument is that Hemenway failed to comport with Fed. R. Civ. P. 11(c)(2) and serve a motion for sanctions to Plaintiff 21 days prior to filing said motion. Blumenthal, however, fails to acknowledge that the purpose of this subsection of Rule 11 is to afford a party the opportunity to withdraw the sanctionable document, nor that Hemenway provided Blumenthal ample notice of her intent to file a Rule 11 Motion for Sanctions prior to fully briefing her Motion to Dismiss.   In fact, Hemenway sent correspondence to Blumenthal in February 2008 that indicated Hemenway would pursue Rule 11 sanctions against Blumenthal if he did not dismiss his complaint against her.  *See* Rule 11 Motion at Exhibit D.

It is well established in the 7th Circuit that a motion for sanctions pursuant to Rule 11 is timely filed if it is filed within 90 days after entry of final judgment.  *See Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir.1992).  *Kaplan* is analogous to the case at bar.  In *Kaplan*, a defendant successfully moved to dismiss a complaint against him under Rule

12(b)(6), however, a final order was not entered and the suit continued against co-defendants. *See Kaplan,* 956 F.2d at 150. The dismissed defendant waited until after the matter had settled to file a Rule 11 motion for sanctions against plaintiff relating to the filing of the complaint against him. *Id.* Here, as Blumenthal acknowledged, there has been no entry of final judgment. *See* Plaintiff's Response at p.9. Moreover, as no final order has been entered, Hemenway's motion is timely and properly filed.

Due process has been satisfied where a party is given notice and an opportunity to respond to a motion for Rule 11 sanctions. *See Smith v. Ricks,* 31 F.3d 1478, 1488 (9th Cir. 1994); *See also Spiller v. Ella Smithers Geriatric Center,* 919 F.2d 339, 346 (5th Cir. 1990). Moreover, Rule 11(c)(3) specifically allows for a Court to impose Rule 11 sanctions on its own initiative and may order an attorney to show cause why conduct has not violated Rule 11(b), and such initiative contains no "safe harbor" provision. *See* Fed. R. Civ. P. 11.

Blumenthal's actions in response to the filing of Hemenway's Rule 11 Motion clearly indicate that any such notice would have been pointless. Indeed, Blumenthal's response to Hemenway's Rule 11 Motion was to seek leave to file yet another complaint against her and bring her back into this case. Clearly, even had Hemenway sent her Rule 11 motion to Blumenthal prior to filing it, the end result would have been exactly the same. Finally, well over 21 days have passed since Hemenway filed her Rule 11 Motion, and Blumenthal has shown no inclination whatsoever to withdraw and/or cure the defects outlined in his Complaint and amended Complaint.

## CONCLUSION

It should be noted that Blumenthal is an attorney licensed to practice in Illinois. His actions in seeking leave to file an amended Complaint that contains no basis in law to maintain an action against Hemenway and does nothing to cure the defects in his original Complaint are proof positive that Blumenthal will not cease to harass Hemenway without the imposition of sanctions against him for his behavior. Hemenway has shown in her Response to Blumenthal's motion for leave to amend his complaint that he has utterly failed to provide a legal or factual basis to pursue an action against her, and Blumenthal has shown by his filing of said motion and inflammatory language of his Response to Hemenway's Rule 11 Motion that he has no intention whatsoever of comporting himself in a manner consistent with the rules of Federal Civil Procedure or the local rules of the Northern District of Illinois. Indeed, the baseless allegations in Blumethal's Response are tantamount to libel and must not be countenanced by this Court.

WHEREFORE, Defendant, Kathryn Hemenway, respectfully requests this Court enter an Order imposing against Plaintiff Michael L. Blumenthal and Milton M. Blumenthal & Associates the following sanctions:

(1) penalties sufficient to deter future conduct of like nature;

(2) an Order granting Hemenway her reasonable attorneys' fees in the amount of $7,770.37 for defending Plaintiff's Motion to Compel and for bringing her Motion to Dismiss, and for fees incurred to respond to Plaintiff's Motion for Leave to file an Amended Complaint in the amount of $1,485.00; and

(3) any further relief as this Court deems just and equitable.

Dated: September 2, 2008

Respectfully submitted,

KATHRYN HEMENWAY

By: ___s/James R. Pittacora_____
         One of her attorneys

James R. Pittacora
PITTACORA & CROTTY, LLC
1928 W. Fulton, Suite 201
Chicago, Illinois 60612
(312) 506-2000
(312) 506-2005 - Facsimile
jp@pittacoracrotty.com

Richard Register
425 N. "H" St.
Fremont, NE 68025
(402) 727-9248
Attorney #17783

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael L. Blumenthal, | ) | No: 07 CV 7230 |
| Plaintiff | ) | |
| v. | ) | Judge Joan Gottschall |
| | ) | Mag: Michael T. Mason |
| Matthew H. Anselmo, | ) | |
| M & M Marketing, LLC | ) | |
| and Kathryn Hemenway | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

To:     Martin A. Blumenthal, Esq.
        Law Offices of Martin A. Blumenthal
        One Northfield Plaza, #300
        Northfield, IL 60093

PLEASE TAKE NOTICE, that on **September 2, 2008**, the undersigned served a true and correct copy of, **DEFENDANT, KATHRYN HEMENWAY'S REPLY IN SUPPORT OF HER MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE,** to the above-named counsel by electronic delivery pursuant to Local Rule 5.9 of the Federal Rules of Civil Procedure for the U.S. District Court, Northern District of Illinois, Eastern Division.

                                        s/James R. Pittacora
                                        James R. Pittacora

James R. Pittacora (ARDC #6237882)
Elizabeth S. Stevens (ARDC #6279863)
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
Telephone: (708) 390-2800
Fax: (708) 390-2801
jp@pittacoracrotty.com
es@pittacoracrotty.com